UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
          :
In re REFCO INC. SECURITIES LITIGATION    :   Case No. 07-md-1902 (GEL)
          :
------------------------------------------------------------------X

This Document Relates to:

------------------------------------------------------------------X

| | | |
|---|---|---|
| KENNETH M. KRYS and CHRISTOPHER STRIDE, as JOINT OFFICIAL LIQUIDATORS of SPHINX LTD., SPHINX STRATEGY FUND LTD.; | : | Case No. 08-cv-3065 (GEL) |
| SPHINX PLUS SPC LTD., SPHINX DISTRESSED LTD., SPHINX MERGER ARBITRAGE LTD.; SPHINX SPECIAL SITUATIONS LTD., SPHINX MACRO LTD.; SPHINX LONG/SHORT EQUITY LTD.; | : | |
| SPHINX MANAGED FUTURES LTD.; SPHINX EQUITY MARKET NEUTRAL LTD.; SPHINX CONVERTIBLE ARBITRAGE LTD.; SPHINX FIXED INCOME ARBITRAGE LTD.; SPHINX DISTRESSED FUND SPC; SPHINX MERGER ARBITRAGE FUND SPC; SPHINX SPECIAL SITUATIONS FUND SPC; SPHINX MACRO FUND SPC; SPHINX LONG/SHORT EQUITY FUND SPC; SPHINX MANAGED FUTURES FUND SPC; SPHINX EQUITY MARKET NEUTRAL FUND SPC; SPHINX CONVERTIBLE ARBITRAGE FUND SPC; SPHINX FIXED INCOME ARBITRAGE FUND SPC; PLUSFUNDS MANAGED ACCESS FUND SPC LTD.; KENNETH M. KRYS and CHRISTOPHER STRIDE as assignees of claims assigned by MIAMI CHILDREN'S HOSPITAL FOUNDATION, OFI, GREEN & SMITH INVESTMENT MANAGEMENT LLC, THALES FUND MANAGEMENT LLC, KELLNER DILEO & CO., LLC, MARTINGALE ASSET MANAGEMENT LP, LONGACRE FUND MANAGEMENT LLC, ARNHOLD & S. BLEICHROEDER ADVISERS LLC, PICTET & CIE, RGA AMERICA REINSURANCE COMPANY, DEUTSCHE BANK (SUISSE) SA, | : | **DECLARATION OF DAVID J. MOLTON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT BAWAG'S MOTION TO REFER COUNTS XXIV, XXV, AND XXVII OF THE COMPLAINT AS ALLEGED AGAINST BAWAG TO THE <u>BANKRUPTCY COURT</u>** |

ARAB MONETARY FUND, HANSARD                    :
INTERNATIONAL LTD., CONCORDIA                  :
ADVISORS LLC, GABELLI SECURITIES, INC.,        :
CITCO GLOBAL CUSTODY; and JAMES                :
P. SINCLAIR as Trustee of the SPHINX TRUST,    :
                                               :
                    Plaintiffs,                :
                                               :
        -against-                              :
                                               :
CHRISTOPHER SUGRUE; MARK                       :
KAVANAGH; BRIAN OWENS;                         :
PRICEWATERHOUSECOOPERS L.L.P.; MARI            :
FERRIS; PRICEWATERHOUSECOOPERS                 :
CAYMAN ISLANDS; GIBSON, DUNN &                 :
CRUTCHER LLP; REFCO ALTERNATIVE                :
INVESTMENTS LLC; GRANT THORNTON                :
LLP; MARK RAMLER; ERNST & YOUNG U.S.           :
LLP; MAYER BROWN LLP f/k/a MAYER               :
BROWN ROWE & MAW LLP; JOSEPH                    :
COLLINS; EDWARD S. BEST; PAUL KOURY;           :
PHILLIP R. BENNETT; ROBERT C. TROSTEN;         :
TONE GRANT; SANTO MAGGIO; THOMAS               :
HACKL; DENNIS KLEJNA; BAWAG P.S.K.             :
BANK FUR ARBEIT UND WIRTSCHAFT UND             :
OSTERREICHISCHE POSTPARKASSE                   :
AKTIENGESELLSCHAFT; JP MORGAN                  :
CHASE & CO.; CREDIT SUISSE SECURITIES          :
(USA) LLC f/k/a CREDIT SUISSE FIRST            :
BOSTON LLC; BANC OF AMERICA                    :
SECURITIES LLC; THOMAS H. LEE                  :
PARTNERS, L.P.; THOMAS H. LEE                  :
ADVISORS, LLC; THL MANAGERS V, LLC;            :
THL EQUITY ADVISORS V, L.P.; THOMAS H.         :
LEE EQUITY FUND V, L.P.; THOMAS H. LEE         :
PARALLEL FUND V, L.P.; THOMAS H. LEE           :
EQUITY (CAYMAN) FUND V, L.P.; THOMAS           :
H. LEE INVESTORS LIMITED PARTNERSHIP;          :
1997 THOMAS H. LEE NOMINEE TRUST;              :
THOMAS H. LEE; DAVID V. HARKINS;               :
SCOTT L. JAECKEL; SCOTT A. SCHOEN;             :
WILLIAM T. PIGOTT; LIBERTY CORNER              :
CAPITAL STRATEGIES, LLC; EMF                   :
FINANCIAL PRODUCTS LLC; EMF CORE               :
FUND LTD.; DELTA FLYER FUND LLC; ERIC          :
M. FLANAGAN; INGRAM MICRO, INC.; CIM           :

VENTURES, INC.; BECKENHAM TRADING     :
CO., INC.; ANDREW KRIEGER; COAST     :
ASSET MANAGEMENT, LLC, f/k/a COAST     :
ASSET MANAGEMENT LP; CS LAND     :
MANAGEMENT LLC; CHRISTOPHER     :
PETTIT; and REFCO GROUP HOLDINGS,     :
INC.; and REFCO ASSOCIATES, INC.,     :
    :
                       Defendants     :
------------------------------------------------------------------X

DAVID J. MOLTON declares as follows:

1.      I am a member of the law firm of Brown Rudnick Berlack Israels LLP, co-counsel for plaintiffs Kenneth M. Krys and Christopher Stride, as Joint Official Liquidators of Sphinx Ltd., et al. in the above-captioned action. I respectfully submit this Declaration in support of Plaintiffs' Opposition to Defendant BAWAG's Motion to Refer Counts XXIV, XXV and XXVII of the Complaint As Alleged Against BAWAG to the Bankruptcy Court.

2.      Annexed hereto as <u>Exhibit A</u> is a true and correct copy of a Stipulation and Order of Settlement, <u>Official Comm. Of Unsecured Creditors v. Sphinx Managed Futures Fund SPC (In re Refco)</u>, Case No. 05-60006, Adv. Proc. No. 05-3331, Docket No. 66 (Bankr. S.D.N.Y. June 9, 2006).

3.      Annexed collectively hereto as <u>Exhibit B</u> are true and accurate copies of a letter, dated November 8, 2007, from David Capucilli of Morrison & Foerster LLP to Jeffrey Olinsky of Bingham McCutchen LLP, attaching a ballot submitted by Sphinx Managed Futures Fund SPC and Sphinx Special Situations Canyon Segregated Portfolio in the Refco Chapter 11 case and a ballot submitted by Sphinx Managed Futures Fund SPC et al. in the Refco Chapter 11 case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2008

                                        _____/s/ David J. Molton_____
                                        David J. Molton

EXHIBIT A TO DECLARATION OF DAVID J.
MOLTON

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
In re:                              : Chapter 11
                                    :
REFCO INC., <u>et al.</u>,          : Case No. 05-60006 (RDD)
                                    :
                   Debtors.         : (Jointly Administered)
------------------------------------x
                                    :
THE OFFICIAL COMMITTEE OF           :
UNSECURED CREDITORS OF REFCO        :
INC. <u>ET AL.</u>, on behalf of    :
REFCO CAPITAL MARKETS, LTD.,        : Adv. Pro. No. 05-3331 (RDD)
                                    :
                   Plaintiff,       :
                                    :
              - against -           :
                                    :
SPHINX MANAGED FUTURES FUND SPC;    :
SPHINX MANAGED FUTURES FUND SPC     :
o/b/o WILLOWBRIDGE ASSOCIATES,      :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
JOHN HENRY, SEGREGATED PORTFOLIO;   :
SPHINX MANAGED FUTURES FUND SPC     :
o/b/o GRAHAM CAPITAL MANAGEMENT,    :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
CAMPBELL & CO., SEGREGATED          :
PORTFOLIO; SPHINX MANAGED FUTURES   :
FUND SPC o/b/o NIEDERHOFFER,        :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
DRURY, SEGREGATED PORTFOLIO;        :
SPHINX MANAGED FUTURES FUND SPC     :
o/b/o ROTELLA CAPITAL MANAGEMENT,   :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
CHESAPEAKE CAPITAL MANAGEMENT,      :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
WINTON CAPITAL MANAGEMENT,          :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
ASPECT CAPITAL MANAGEMENT,          :
SEGREGATED PORTFOLIO; SPHINX        :

```
MANAGED FUTURES FUND SPC o/b/o      :
ECLIPSE CAPITAL, SEGREGATED         :
PORTFOLIO; SPHINX MANAGED FUTURES   :
FUND SPC o/b/o DUNN CAPITAL         :
MANAGEMENT, SEGREGATED PORTFOLIO    :
SPHINX MANAGED FUTURES FUND SPC     :
o/b/o BEACH CAPITAL MANAGEMENT,     :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
HYMAN BECK, SEGREGATED PORTFOLIO    :
and SPHINX MANAGED FUTURES FUND     :
SPC o/b/o MILLBURN CORPORATION,     :
SEGREGATED PORTFOLIO,               :
                                    :
                       Defendants.  :
                                    :
-----------------------------------x
```

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS, on December 16, 2005, the Official Committee of Unsecured Creditors (the "Committee") of Refco, Inc. and its affiliated debtors and debtors in possession ("Debtors," and, together with all debtor and non-debtor "Affiliates" (as defined in 11 U.S.C. § 101(2)), of Refco, Inc., "Refco"), on behalf of Refco Capital Markets, Ltd. ("RCM"), commenced the above-captioned adversary proceeding (the "Adversary Proceeding") to recover certain transfers totaling $312,046,266.23 (collectively, the "Transfer") made by RCM to SPhinX Managed Futures Fund SPC and its affiliated Segregated Portfolios (collectively, "Defendant," and, together with the entities included on Exhibit "B," "SPhinX");

WHEREAS, at the time of the filing of the Adversary Proceeding, at the request of the Committee, the Court entered a

2

temporary restraining order freezing Defendant's assets until a trial in this Adversary Proceeding, which order was later modified by agreement of the parties and reflected in a agreed stipulation entered by this Court (as amended from time to time, the "Agreed Stipulation");

WHEREAS, Defendant had, at the time of the filing of RCM's Chapter 11 petition, funds in foreign exchange positions with RCM, which funds were unrelated to the Transfer and for which Defendant is asserting a pre-petition claim against RCM (the "F/X Claim"), which F/X Claim shall not exceed Twenty Million United States Dollars (US$20,000,000);

WHEREAS, the Committee, Refco and SPhinX have agreed to settle this action on the terms set forth herein.

NOW, THEREFORE, IT IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES, SUBJECT TO APPROVAL BY THE COURT, THAT:

1.    Settlement Payment:  Defendant shall, within one (1) business day of the execution by the parties of this Stipulation and Order, transfer to a segregated account at RCM the amount of Two Hundred Forty Three Million United States Dollars (US$243,000,000) and, within ten (10) business days of execution by the parties of this Stipulation and Order, transfer an additional Twenty Million United States Dollars (US$20,000,000) for a total of Two Hundred Sixty Three Million United States Dollars (US$263,000,000) in immediately available

funds (the "Settlement Amount"), pursuant to wire instructions

to be provided by the Committee on behalf of RCM.  The

Settlement Amount shall remain in the RCM segregated account

until this Stipulation and Order becomes final and no longer

subject to review, at which time RCM will be free to use the

Settlement Amount.

    2.   Releases:

        a.   Refco's Release:  Upon this Stipulation and
Order becoming final and no longer subject
to review, Refco will hereby be deemed to
release, acquit, and forever discharge
SPhinX from and against any and all claims
or actions relating to the Transfer and the
cause of action alleged in the Adversary
Proceeding.  This release includes, without
limitation, all claims relating to the
Transfer identified in any pleadings in this
Adversary Proceeding, all claims relating to
the Transfer that could have been asserted
in this Adversary Proceeding, or all claims
relating to the Transfer that would be
barred by principles of *res judicata* had the
claims and defenses asserted in this
Adversary Proceeding been fully litigated
and resulted in a final judgment or order.
The foregoing release by Refco shall have no
effect on and shall not operate to release
any claims or potential claims Refco may
have unrelated to the Transfer, including
but not limited to claims relating to any
obligations created by this Stipulation and
Order.  Moreover, Refco agrees that if
Defendant files a claim in the Refco
bankruptcy action for the F/X Claim, Refco
shall not assert an objection to such claim
under 11 U.S.C. § 502(d) on the basis of
this Stipulation and Order or the payment of
the Settlement Amount and shall not assert
an equitable subordination defense to such
claim on the basis of the Transfer, but

Refco would retain all other defenses to such a claim.  For the avoidance of doubt, Refco does not waive and expressly reserves all rights, defenses and objections to any claims brought by SPhinX other than those released herein and Refco reserves all other claims it may have against SPhinX other than claims related to the Transfer.  For the further avoidance of doubt, Refco does not release any claims or actions against any party other than SPhinX, which other parties include but are not limited to Christopher Sugrue, Brian Owens, Mark Kavanagh, PlusFunds Group, Inc., and Suffolk, LLC, Suffolk - MKK LLC, Suffolk - KAV LLC and Suffolk - SUG LLC.

b.  <u>SPhinX's Releases</u>:  Upon this Stipulation and Order becoming final and no longer subject to review, SPhinX will hereby be deemed to release, acquit, and forever discharge Refco, the Committee, members of the Committee and the Committee's retained professionals from and against any and all claims or actions relating to the Transfer and the cause of action alleged in the Adversary Proceeding.  This release includes, without limitation, all claims relating to the Transfer identified in any pleadings in this Adversary Proceeding, all claims relating to the Transfer that could have been asserted in this Adversary Proceeding, or all claims relating to the Transfer that would be barred by principles of *res judicata* had the claims and defenses asserted in this Adversary Proceeding been fully litigated and resulted in a final judgment or order.  This release shall include, by way of example but not limitation, any claim against Refco that the funds that were at issue in the Transfer should have been at a Refco entity other than RCM.  The foregoing release by SPhinX shall have no effect on and shall not operate to release any claims or potential claims SPhinX may have unrelated to the Transfer, including but not limited to

claims relating to any obligations created by this Stipulation and Order.  For the avoidance of doubt, SPhinX does not waive and expressly reserves all rights, defenses and objections to any claims brought by Refco other than those released herein and SPhinX reserves all other claims it may have against Refco other than claims related to the Transfer.  For the further avoidance of doubt, SPhinX does not release any claims or actions against any party other than Refco.

3.    No Claim By SPhinX:  SPhinX shall not file any proof of claim in any of the chapter 11 or chapter 7 cases of the Debtors in any way related to the payment of the Settlement Amount or the Transfer, including pursuant to 11 U.S.C. § 502(h).  In the event any such proof of claim is filed, this Stipulation and Order shall be a complete defense to such proof of claim.

4.    Continuation of the Agreed Stipulation:  Until such time as the dismissal contemplated by this Stipulation and Order is entered in the Adversary Proceeding and becomes final and no longer subject to review, the Agreed Stipulation shall continue to be in full force and effect; except that Defendant may cause the transfer of assets to RCM for the purpose of making the Settlement Payment.

5.    Dismissal of Adversary Proceeding:  Counsel for the parties will execute the form of Stipulation of Dismissal attached hereto as Exhibit "A," which counsel for the Committee shall hold in escrow.  At the time that this Stipulation and

Order becomes final and no longer subject to review, counsel for the Committee will file the executed Stipulation of Dismissal with the Bankruptcy Court.

6. <u>Bankruptcy Court Approval</u>: This Stipulation and Order is expressly subject to and contingent upon its approval by the Bankruptcy Court. If this Stipulation and Order, or any portion hereof, is not approved by the Bankruptcy Court or if it is overturned or modified on appeal, this Stipulation and Order shall be of no further force and effect, and, in such event, neither this Stipulation and Order nor any negotiations and writings in connection with this Stipulation and Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party hereto regarding any claim or right that such party may have against any other party hereto.

7. <u>Continuing Jurisdiction</u>: The parties agree that the Court will retain jurisdiction over this case for the purpose of enforcing this Stipulation and Order.

8. <u>Governing Law</u>: This Stipulation and Order shall be governed by and subject to and interpreted in accordance with the laws of the State of New York.

9. <u>Consent to Jurisdiction</u>: The Committee, SPhinX and Refco hereby consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York and agree that this shall be the exclusive jurisdiction for any

action seeking to enforce the terms of this Stipulation and
Order.

10.  Entire Agreement:  This Stipulation and Order
shall constitute the entire agreement between the parties
relating to the subject matter herein and supersedes any and all
prior agreements, negotiations, representations and
understandings, whether written or oral, between the parties and
may not be released, supplemented or modified in any manner
except by further written agreement signed by a duly authorized
officer or representative of each of the parties.

11. Authority:  The parties hereto represent and
warrant to each other that: (i) the signatories to this
Stipulation and Order are authorized to execute this Stipulation
and Order; (ii) each has full power and authority to enter into
this Stipulation and Order; and (iii) this Stipulation and Order
is duly executed and delivered, and constitutes a valid and
binding agreement in accordance with its terms.

12.  <u>Counterparts Acceptable:</u>  This Stipulation and

Order may be executed in one or more counterparts and by

facsimile, all of which shall be considered effective as an

original signature.

Dated:  April 26, 2006

MILBANK, TWEED, HADLEY & McCLOY
LLP

BY: _/S/ Susheel Kirpalani_____
    Luc A. Despins (LD 5141)
    Susheel Kirpalani (SK 8926)
    Andrew M. Leblanc (AL 8395)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for Official Committee
of Unsecured Creditors of Refco
Inc., et al., and on behalf of
Refco Capital Markets, Ltd.*


BY: _/S/ Harrison J. Goldin_____
    Harrison J. Goldin

*On Behalf of Refco, Inc. and
its Affiliates other than
Refco, LLC*

PILLSBURY WINTHROP SHAW PITTMAN
LLP

BY: _/S/ David A. Crichlow_____
    David A. Crichlow (DC 2116)
    Karen B. Dine (KD 0546)

1540 Broadway
New York, New York 10036-4039
(212) 858-1000

*Counsel for SPhinX Managed
Futures Fund SPC, et al., and
on behalf of SPhinX*

BY: /S/ Albert J. Togut
    Albert J. Togut

*As Chapter 7 Trustee on Behalf*
*of Refco, LLC*

SO ORDERED:

Dated: June 9, 2006
    New York, New York


    /s/ Robert D. Drain
United States Bankruptcy Judge

Exhibit A

<u>Form of Stipulation of Dismissal of Adversary Proceeding</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------x
In re:                              : Chapter 11
                                    :
REFCO INC., et al.,                 : Case No. 05-60006 (RDD)
                                    :
                 Debtors.           : (Jointly Administered)
------------------------------------x
                                    :
THE OFFICIAL COMMITTEE OF           :
UNSECURED CREDITORS OF REFCO        :
INC. ET AL., on behalf of           :
REFCO CAPITAL MARKETS, LTD.,        : Adv. Pro. No. 05-3331 (RDD)
                                    :
                 Plaintiff,         :
                                    :
            - against -             :
                                    :
SPHINX MANAGED FUTURES FUND SPC;    :
SPHINX MANAGED FUTURES FUND SPC     :
o/b/o WILLOWBRIDGE ASSOCIATES,      :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
JOHN HENRY, SEGREGATED PORTFOLIO;   :
SPHINX MANAGED FUTURES FUND SPC     :
o/b/o GRAHAM CAPITAL MANAGEMENT,    :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
CAMPBELL & CO., SEGREGATED          :
PORTFOLIO; SPHINX MANAGED FUTURES   :
FUND SPC o/b/o NIEDERHOFFER,        :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
DRURY, SEGREGATED PORTFOLIO;        :
SPHINX MANAGED FUTURES FUND SPC     :
o/b/o ROTELLA CAPITAL MANAGEMENT,   :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
CHESAPEAKE CAPITAL MANAGEMENT,      :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
WINTON CAPITAL MANAGEMENT,          :
SEGREGATED PORTFOLIO; SPHINX        :
MANAGED FUTURES FUND SPC o/b/o      :
```

```
ASPECT CAPITAL MANAGEMENT,        :
SEGREGATED PORTFOLIO; SPHINX      :
MANAGED FUTURES FUND SPC o/b/o    :
ECLIPSE CAPITAL, SEGREGATED       :
PORTFOLIO; SPHINX MANAGED FUTURES :
FUND SPC o/b/o DUNN CAPITAL       :
MANAGEMENT, SEGREGATED PORTFOLIO  :
SPHINX MANAGED FUTURES FUND SPC   :
o/b/o BEACH CAPITAL MANAGEMENT,   :
SEGREGATED PORTFOLIO; SPHINX      :
MANAGED FUTURES FUND SPC o/b/o    :
HYMAN BECK, SEGREGATED PORTFOLIO  :
and SPHINX MANAGED FUTURES FUND   :
SPC o/b/o MILLBURN CORPORATION,   :
SEGREGATED PORTFOLIO,             :
                                  :
                    Defendants.   :
                                  :
----------------------------------x
```

## STIPULATION OF DISMISSAL

IT IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES,
THAT Plaintiff's claims against SPhinX Managed Futures Fund SPC
and its affiliated Segregated Portfolios are dismissed with
prejudice, with each party to bear its own costs.

Dated: April ___, 2006

MILBANK, TWEED, HADLEY & McCLOY        PILLSBURY WINTHROP SHAW PITTMAN
LLP                                     LLP

BY:_____           BY:_____
    Luc A. Despins (LD 5141)               David A. Crichlow (DC 2116)
    Susheel Kirpalani (SK 8926)            Karen B. Dine (KD 0546)
    Andrew M. Leblanc (AL 8395)
1 Chase Manhattan Plaza                 1540 Broadway
New York, New York 10005                New York, New York 10036-4039
(212) 530-5000                          (212) 858-1000

*Counsel for Official Committee*        *Counsel for SPhinX Managed*
*of Unsecured Creditors of Refco*       *Futures Fund SPC, et al.*
*Inc., et al.*

Exhibit B

For the purposes of this Stipulation and Order, SPhinX shall
mean the following entities:

      SPhinX, Ltd.
      SPhinX Strategy Fund, Ltd.
      SPhinX Investment Fund LP
      SPhinX Onshore Investment Fund LLC
      PlusFunds Manager Access Fund SPC, Ltd.
      SPhinX Plus SPC Ltd.
      SPhinX Distressed Ltd.
      SPhinX Merger Arbitrage Ltd.
      SPhinX Special Situations Ltd.
      SPhinX Macro Ltd
      SPhinX Long/Short Equity Ltd
      SPhinX Managed Futures Ltd
      SPhinX Equity Market Neutral Ltd
      SPhinX Convertible Arbitrage Ltd
      SPhinX Fixed Income Arbitrage Ltd
      SPhinX Managed Futures LP
      SPhinX Distressed Fund SPC
      SPhinX Merger Arbitrage Fund SPC
      SPhinX Special Situations Fund SPC
      SPhinX Macro Fund SPC
      SPhinX Long/Short Equity Fund SPC
      SPhinX Managed Futures Fund SPC
      SPhinX Equity Market Neutral Fund SPC
      SPhinX Convertible Arbitrage Fund SPC
      SPhinX Fixed Income Arbitrage Fund SPC

EXHIBIT B TO DECLARATION OF DAVID J.
MOLTON

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK
NEW YORK 10104-0050

TELEPHONE:212.468.8000
FACSIMILE:212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

November 8, 2007

Writer's Direct Contact
212.336.4063
DCapucilli@mofo.com

Jeffrey M. Olinsky, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022

Re:     Sphinx JOLs Claims – Refco Plan Elections

Dear: Jeffrey

The Joint Official Liquidators ("JOLs") of Sphinx Managed Futures Fund SPC, *et al.*, claimants in the Refco bankruptcy case, submit the attached ballots in response to the plan election notice dated September 5, 2007. As indicated in the ballots, the JOLs (i) elect to opt out of the BAWAG Proceeds and (ii) elect not to assign its claims to the Litigation Trust or receive a share of the Intercompany Recovery.

Please do not hesitate to contact me if you have any questions.

Sincerely,

David Capucilli

Enclosures

cc:   Karen Ostad, Esq.
      Jared Clark, Esq.

ny-785224

*BALLOTS MUST BE RECEIVED BY 5:00 P.M. (EASTERN TIME) ON DECEMBER 8, 2006*

BALLOTS CAST BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS WILL NOT BE COUNTED.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Refco Inc., *et al.,* | : | Case No. 05-60006 (RDD) |
| Debtors. | : | Jointly Administered |

SPHINX MANAGED FUTURES FUND SPC AND
SPHINX SPECIAL SITUATIONS CANYON SEGREGATED PORTFOLIO
C/O LOVELLS
ATTN GARY LEE, MARC GOTTRIDGE, KAREN OSTAD AND MATTHEW MORRIS
590 MADISON AVENUE
NEW YORK, NY 10022
CLAIM AMOUNT: $4,312,945.43
BALLOT ID: 1310327
CLAIM #: 11387; 11386



DEC 0 8 2006
RECEIVED

## BALLOT FOR CLASS 3 RCM FX/UNSECURED CLAIMS*

Record Date for Voting: October 16, 2006

Refco Inc. ("Refco") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] along with Marc S. Kirschner, the Chapter 11 Trustee of the Estate of Refco Capital Markets, Ltd., the Official Committee of Unsecured Creditors of Refco Inc., *et al.,* and the Additional Committee of Unsecured Creditors of Refco Inc., *et al.,* (the "Plan Proponents") are soliciting votes with respect to the Joint Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as may be amended, supplemented or otherwise modified, the "Plan"), pursuant to and as described in the Disclosure Statement With Respect To Joint Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (the "Disclosure Statement"). Please refer to the voting instructions herein. If you have any questions about how to properly complete this Ballot, please call the Debtors' voting instructions agent, Omni Management Group, LLC, at (818) 906-8300. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

This Ballot is being sent to the holders of claims ("RCM FX/Unsecured Claims") as classified under the Plan. This Ballot is to be used by the holders of RCM FX/Unsecured Claims to vote to accept or reject the Plan and to grant (or withhold) certain releases described herein. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement, which accompanies this Ballot. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of RCM FX/Unsecured Claims actually voting on the Plan. If the holders of the RCM FX/Unsecured Claims vote to reject the Plan or are deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan awards fair and equitable treatment to, and does not discriminate unfairly against, the holders of the RCM FX/Unsecured Claims, and that the Plan otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your votes count, you must complete and return this Ballot.

---

[1] The following entities are Debtors in these chapter 11 cases: Bersec International LLC; Kroeck & Associates, LLC; Lind-Waldock Securities LLC; Marshall Metals, LLC; New Refco Group Ltd., LLC; Refco Administration, LLC; Refco Capital Holdings, LLC; Refco Capital Management, LLC; Refco Capital Trading LLC; Refco Finance Inc.; Refco Financial, LLC; Refco Fixed Assets Management, LLC; Refco F/X Associates, LLC; Refco Global Finance Limited; Refco Global Futures, LLC; Refco Global Holdings, LLC; Refco Group Ltd., LLC; Refco Information Services, LLC; Refco Managed Futures, LLC; Refco Mortgage Securities, LLC; Refco Regulated Companies, LLC; Summit Management, LLC; and Westminster-Refco Management LLC. Refco Capital Markets, Ltd. is a debtor in these chapter 11 cases, but not a debtor-in-possession.

PLEASE READ AND FOLLOW THE ATTACHED
INSTRUCTIONS CAREFULLY AND RETURN YOUR
BALLOT IN THE ENVELOPE PROVIDED.

THE VOTING DEADLINE IS 5:00 P.M. (EASTERN TIME)
ON DECEMBER 8, 2006.

---

**IMPORTANT**

YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN
FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF
CLAIMS AGAINST THE DEBTORS AND RCM BEFORE YOU VOTE. YOU MAY
WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR
CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS
TREATED AS A RCM FX/UNSECURED CLAIM UNDER THE PLAN.

PLEASE READ CAREFULLY AND FOLLOW THE ATTACHED
INSTRUCTIONS ON RETURNING YOUR BALLOT. THE VOTING DEADLINE BY
WHICH YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT IS 5:00 PM
(EASTERN TIME) ON DECEMBER 8, 2006 (THE "VOTING DEADLINE") OR THE
VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED. IF YOU
HAVE ANY QUESTIONS, PLEASE CALL THE VOTING AGENT, OMNI
MANAGEMENT GROUP, LLC, AT (818) 906-8300.

---

Please note that you must vote your entire RCM FX/Unsecured Claim to accept or reject the Plan. You may not split your vote. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim in your vote. Further, if you are submitting a vote with respect to any of your RCM FX/Unsecured Claims, you must vote all of your RCM FX/Unsecured Claims in the same way (i.e., all "Accepts" or all "Rejects"). Moreover, you must vote your RCM Related Claims (as defined in the following paragraph) against the Contributing Debtors and FXA (the "RCM Related Debtor Claims"), if any, in the same way that you vote your RCM FX/Unsecured Claims(s).

"RCM Related Claims" are defined in the Plan to include any claims or causes of action of any holder of an impaired claim against the Debtors and Non-Debtor Affiliates arising from the same facts, transactions or occurrences giving rise to such holder's impaired claim against RCM. The definition of RCM Related Claims specifically excludes any claims by holders of Class 3 RCM FX/Unsecured Claims against any Debtor based on contractual guarantees or other direct contractual undertakings.

An authorized signatory of the holder of RCM FX/Unsecured Claims may execute this Ballot, but must provide the name and address of the holder of such RCM FX/Unsecured Claims on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the holder of RCM FX/Unsecured Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

The Plan Proponents reserve the right to extend the Voting Deadline, by oral or written notice to the Voting Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by section 1126 of the Bankruptcy Code have been received.

The results of the Ballot elections in Items 3-6 below are intended to apply with full force and effect regardless of the whether RCM ultimately is administered under chapter 7 or chapter 11 of the Bankruptcy Code.

**Item 1.  Certification of Authority to Vote.**

a.    The undersigned hereby certifies that as of the October 16, 2006 record date, the undersigned is the holder (or authorized signatory for such holder) of a RCM FX/Unsecured Claim in the amount of $ 4,312,945.43 * against Refco Capital Markets, Ltd.

b.    The undersigned hereby certifies that as of the October 16, 2006 record date, the undersigned is the holder (or authorized signatory for such holder) of RCM Related Debtor Claims in the amounts set forth on Schedule 1 hereto, against the Debtor entities listed thereon.

**Item 2.  Vote On Plan.**

The holder of the RCM FX/Unsecured Claim set forth in Item 1 and the RCM Related Debtor Claims set forth on Schedule 1 hereto, if any, votes to (check one):

☐    ACCEPT (vote FOR) the Plan.

☒    REJECT (vote AGAINST) the Plan.

**Item 3.  Election of Convenience Claim Treatment.**

Pursuant to Section 1.160 of the Plan, each holder of a Class 3 RCM FX/Unsecured Claim in an amount greater than $10,000 may elect to have its Class 3 RCM FX/Unsecured Claim reduced in amount to $10,000 and treated as a Class 6 RCM FX/Unsecured Convenience Claim under the Plan.  Under the Plan, each Holder of an Allowed Class 6 RCM FX/Unsecured Convenience Claim shall receive, in full and final satisfaction, settlement, release and discharge of, and in exchange for, such Allowed Class 6 RCM FX/Unsecured Convenience Claim, Cash equal to 60% of its Allowed Class 6 RCM FX/Unsecured Convenience Claim (as reduced, if applicable) on, or as soon as reasonably practicable after the Effective Date.  Such Cash distribution will not include RCM BAWAG Proceeds.

While the distribution to holders of Class 3 RCM FX/Unsecured Claims includes Tranche A Litigation Trust Interests, holders of Class 6 RCM FX/Unsecured Convenience Claims do not receive any interests in the Litigation Trust on account of their claims.  Further, while holders of Class 3 RCM FX/Unsecured Claims may elect to participate in the Private Actions Trust, holders of Allowed Class 6 RCM FX/Unsecured Convenience Claims are not eligible for such participation.  Thus, holders of Class 3 RCM FX/Unsecured Claims electing to receive treatment as Class 6 RCM FX/Unsecured Convenience Claims are deemed to have made the election in Item 4 (*i.e.*, to avoid assigning claims to the Litigation Trust, among other things) and deemed not to have made the election in Item 6 (*i.e.*, to avoid contributing Non-Estate Refco Claims to the Private Actions Trust, among other things).

For purposes of the Plan and the distributions to be made thereunder, the aggregate amount of distributions to holders of Class 6 RCM FX/Unsecured Convenience Claims is limited to $1.458 million (the "RCM FX/Unsecured Convenience Class Limit").  To the extent that the RCM FX/Unsecured Convenience Class Limit is reached, the claims permitted to receive such convenience class treatment shall be determined by reference to the amount of the claim, with the claim in the lowest amount being selected first and the next largest claim being selected thereafter until the RCM FX/Unsecured Convenience Class Limit is reached.

IF YOU ELECT TREATMENT OF YOUR CLASS 3 RCM FX/UNSECURED CLAIM AS A CLASS 6 RCM FX/UNSECURED CONVENIENCE CLAIM, YOU WILL BE DEEMED TO HAVE VOTED YOUR CLASS 6 CLAIM TO ACCEPT THE PLAN, AND YOUR VOTE SET FORTH IN ITEM 2 ABOVE WILL NOT BE COUNTED.  However, if you elect treatment of your Class 3 RCM FX/Unsecured Claim as a Class 6 RCM FX/Unsecured Convenience Claim, but your claim is excluded from such class because the RCM FX/Unsecured Convenience Class Limit has been reached, then your claim will be treated as a Class 3 RCM FX/Unsecured Claim in the unreduced amount, and your vote set forth in Item 2 above will be counted.

As described above, if you elect convenience class treatment, you are not eligible to participate in the Litigation Trust or the Private Actions Trust, and you will not receive RCM BAWAG Proceeds.  Nonetheless, because you may be excluded from convenience class treatment even if you make the following ballot election, you also must complete the elections in Items 4, 5 and 6 below.

The holder of the Class 3 RCM FX/Unsecured Claim set forth in Item 1:

☐    ELECTS treatment of its Class 3 RCM FX/Unsecured Claim as a Class 6 RCM FX/Unsecured Convenience Claim under the Plan.

3

**Item 4. Election Not To Assign RCM Related Debtor Claims to Litigation Trust, Not To Affirm Subordination of RCM Related Claims Against Contributing Non-Debtor Affiliates, and Not to Release Secured Lenders from Secured Lender Released Claims.**

Under the Plan, your RCM Related Debtor Claims are subordinated to the payment in full of all non-subordinated claims against the Debtors. Unless you make the election set forth below, you agree (i) to assign your RCM Related Debtor Claims to the Litigation Trust; (ii) to affirm your understanding that your RCM Related Claims against any Contributing Non-Debtor Affiliate will be subordinated pursuant to the Plan, as of each applicable Contributing Non-Debtor Affiliate Trigger Date, to all other existing claims against and equity interests in the applicable Contributing Non-Debtor Affiliate (and that such RCM Related Claims may be deemed released upon the determination of the RCM Trustee, with the consent of the Plan Committee, in accordance with section 10.2(c) of the Plan); and (iii) to release the Secured Lenders (in such capacities) from your Secured Lender Released Claims (if any) (collectively, the "Deemed Agreements"), in order to receive your applicable share of the RCM Cash Distribution and 50% of the RGL FXCM Distribution, which will include, unless you affirmatively elect otherwise in Item 5 below, the RCM BAWAG Proceeds. If you do not wish to agree to the Deemed Agreements, you may opt out of such treatment by checking the box below.

EACH HOLDER OF A CLASS 3 RCM FX/UNSECURED CLAIM WHO DOES **NOT** CHECK THE BOX BELOW WILL BE DEEMED TO HAVE AGREED (i) TO ASSIGN ITS RCM RELATED DEBTOR CLAIMS TO THE LITIGATION TRUST, (ii) TO AFFIRM THE SUBORDINATION OF ITS RCM RELATED CLAIMS AGAINST CONTRIBUTING NON-DEBTOR AFFILIATES (AS MORE PARTICULARLY DESCRIBED ABOVE), AND (iii) TO RELEASE THE SECURED LENDERS (IN SUCH CAPACITIES) FROM ITS SECURED LENDER RELEASED CLAIMS (IF ANY).

The holder of the RCM FX/Unsecured Claim set forth in Item 1:

        ☒   ELECTS not to assign its RCM Related Debtor Claims to the Litigation Trust, affirm the subordination of its RCM Related Claims against any Contributing Non-Debtor Affiliate, and release the Secured Lenders (in such capacities) from its Secured Lender Released Claims (if any).

BY CHECKING THIS BOX YOU HAVE ELECTED TO OPT OUT OF THE DEEMED AGREEMENTS AND, ACCORDINGLY, YOU WILL NOT BE ENTITLED TO RECEIVE YOUR APPLICABLE SHARE OF THE RCM CASH DISTRIBUTION AND 50% OF THE RGL FXCM DISTRIBUTION, INCLUDING THE RCM BAWAG PROCEEDS.

**Item 5. Election Not To Accept RCM BAWAG Proceeds.**

Under the Plan, the holder of the RCM FX/Unsecured Claim set forth in Item 1 will receive RCM BAWAG Proceeds as a component of its RCM Cash Distribution and certain other property, unless such holder elects not to receive RCM BAWAG Proceeds (or unless such holder has made the Item 4 election above). On the Effective Date, each Holder of a RCM FX/Unsecured Claim that has not affirmatively exercised its option to be excluded from any Distribution of RCM BAWAG Proceeds prior to the Voting Deadline shall be deemed to forever release, waive and discharge all claims, demands, debts, rights, causes of action or liabilities against BAWAG, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way arising from or relating to Refco or the RGHI Entities (each as defined in the BAWAG Settlement), and any transactions involving such parties, including but not limited to claims or actions arising from or related to (a) the allegations set forth in the Complaint and the Counterclaim (each as defined in the BAWAG Settlement), (b) the allegations set forth in the Adversary Proceeding (as defined in the BAWAG Settlement), or (c) any allegations that could have been made by any of the Refco Parties (as defined in the BAWAG Settlement). If you make the election by checking the box in this Item 5 you will not be entitled to receive your pro rata share of the RCM BAWAG Proceeds.

If you are a member of the putative class in the Securities Litigation styled In re Refco, Inc. Securities Litigation, Case No. 05 Civ. 8626 (GEL) (S.D.N.Y.), which includes all persons or entities who purchased or otherwise acquired Refco Group Ltd., LLC/Refco Finance Inc. 9% Senior Subordinated Notes due 2012 and/or common stock of Refco Inc. during the period from August 5, 2004 through and including October 17, 2005, except for those persons and entities specifically excluded therefrom, you may elect to receive BAWAG Proceeds under the Plan without releasing any claims against the BAWAG Entities and while retaining your eligibility to receive a distribution from the proposed settlement with BAWAG pending in the Securities Litigation.

Holders of Class 3 RCM FX/Unsecured Claims electing in Item 4 not to agree to the Deemed Agreements are not eligible for this election (because holders making the Item 4 election are not entitled to receive RCM BAWAG Proceeds).

The holder of the RCM FX/Unsecured Claim set forth in Item 1:

        ☒   ELECTS not to accept RCM BAWAG Proceeds.

**Item 6. Election To Contribute Non-Estate Refco Claims to Private Actions Trust.**

"Non-Estate Refco Claims" are non-estate causes of action arising from any matter involving Refco Inc. and/or its affiliates (the "Refco Entities"), excluding (i) contract claims against third parties; and (ii) (a) claims for violation of securities laws arising under and pursuant to Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (collectively, "Securities Claims") that currently are being asserted in the class action styled In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation, 06 CIV 643 (GEL) (S.D.N.Y.) (the "Brokerage Customer Securities Litigation"), and (b) claims currently being asserted in certified class actions relating to the Debtors or RCM, if any (such class actions, together with the Brokerage Customer Securities Litigation, the "Class Actions"). Non-Estate Refco Claims include, without limitation, causes of action against: (i) all current and former officers, directors or employees of the Refco Entities; (ii) all persons or entities that conducted transactions with the Refco Entities; and (iii) all persons or entities that provided services to the Refco Entities, including, without limitation, all attorneys, accountants, financial advisors and parties providing services to the Refco Entities in connection with the public issuance of debt or equity, including, without limitation, all underwriters.

Holders of RCM FX/Unsecured Claims that (i) contribute their Non-Estate Refco Claims to the Private Actions Trust and (ii) assign (or cause to be assigned) their allocable share of the class action proceeds from the Class Actions to the Private Actions Trust will receive in exchange for their claims and proceeds the right to receive their pro rata share of the proceeds of the Private Actions Trust; *provided, however,* that consistent with the Private Actions Trust Agreement, a secondary purchaser of RCM FX/Unsecured Claims may participate in the Private Actions Trust only if such purchaser has received an assignment of Non-Estate Refco Claims from the original holder of such claims and has elected (i) to assign such Non-Estate Refco Claims to the Private Actions Trust and (ii) to assign (or cause to be assigned) its allocable share of class action proceeds from the Class Actions to the Private Actions Trust. **EACH HOLDER OF A RCM FX/UNSECURED CLAIM WHO CHECKS THE BOX BELOW WILL BE DEEMED TO HAVE AGREED (i) TO CONTRIBUTE ITS NON-ESTATE REFCO CLAIMS TO THE PRIVATE ACTIONS TRUST AND (ii) TO ASSIGN (OR CAUSE TO BE ASSIGNED) ITS ALLOCABLE SHARE OF THE CLASS ACTION PROCEEDS FROM THE CLASS ACTIONS TO THE PRIVATE ACTIONS TRUST.**

The holder of the RCM FX/Unsecured Claim set forth in Item 1:

☐    ELECTS (i) to contribute its Non-Estate Refco Claims to the Private Actions Trust and (ii) to assign (or cause to be assigned) its allocable share of the class action proceeds from the Class Actions to the Private Actions Trust.

**Item 7. Authorization.**

By returning this Ballot, the undersigned holder of the RCM FX/Unsecured Claim and RCM Related Debtor Claims, if any, hereby certifies that as of the October 16, 2006 record date, it is the holder of the claim set forth in Item 1 above and the claim(s) set forth on Schedule 1 hereto, and has full power and authority to vote to accept or reject the Plan. To the extent that the undersigned is voting on behalf of the actual holder of the claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the tabulation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

The undersigned further certifies that (a) it has received a copy of the Disclosure Statement (including the exhibits thereto); (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement; and (c) understands that, by executing this Ballot, it is granting the releases described in Sections 10.2(b) of the Plan and consenting to the injunctions set forth in Article X of the Plan, which releases and injunctions are set forth in full in the Notice Of (A) Confirmation Hearing With Respect To Joint Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct and Indirect Subsidiaries And (B) Related Objection Deadline included herewith. *

Name of Voter: __Sphinx Managed Futures Fund and each entity listed on Exhibit 1__
(Print or Type)

Social Security or Federal Tax I.D. No.: __See Exhibit 1__

Signature: __Karen Ostad__

By: __on behalf of Joint Official Liquidators__
(If Appropriate)

Print or Type Name: __KAREN OSTAD__

Title: __PARTNER__
(If Appropriate)

Street Address: __c/o Lovells, 590 Madison Avenue__

City, State, Zip Code: __New York, NY 10022__

Telephone Number: __(212) 909-0605__

Date Completed: __12/7/06__

* __THE VOTE CAST BY THIS BALLOT IS MADE SUBJECT TO THE RESERVATION OF RIGHTS ANNEXED HERETO AS EXHIBIT 2 AND MADE A PART HEREOF.__

## EXHIBIT 1

1. SphinX Ltd.

2. SphinX Macro Fund SPC

3. SphinX Macro Ltd.

4. SphinX Managed Futures Fund SPC

5. SphinX Long/Short Equity Fund SPC

6. SphinX Convertible Arbitrage Fund SPC

7. SphinX Fixed Income Arbitrage Fund SPC

8. SphinX Distressed Fund SPC

9. SphinX Merger Arbitrage Fund SPC

10. SphinX Special Situations Fund SPC

11. SphinX Equity Market Neutral Fund SPC

12. SphinX Strategy Fund Ltd

13. SphinX Plus SPC, Ltd.

14. SphinX Managed Futures Ltd.

15. SphinX Long/Shirt Equity Ltd.

16. SphinX Convertible Arbitrage Ltd.

17. SphinX Fixed Income Arbitrage ltd.

18. SphinX Distressed Ltd.

19. SphinX Merger Arbitrage Ltd.

20. SphinX Special Situation Ltd.

21. SphinX Equity Market Neutral Ltd.

22. PlusFunds Manager Access Fund, SPC Ltd.

| | |
|---|---|
| SPhinX Managed Futures (JWH), Segregated Portfolio | 98-0392611 |
| SPhinX Managed Futures (Campbell FME Large), Segregated Portfolio | 98-0380699 |
| SPhinX Managed Futures (Aspect), Segregated Portfolio | 98-0392574 |
| SPhinX Managed Futures (Beach), Segregated Portfolio | 98-0392586 |
| SPhinX Managed Futures (Chesapeake Capital), Segregated Portfolio | 98-0380697 |
| SPhinX Managed Futures (Dunn), Segregated Portfolio | 98-0392587 |
| SPhinX Managed Futures (Eclipse), Segregated Portfolio | 98-0392607 |
| SPhinX Managed Futures (Graham Global Investment), Segregated Portfolio | 98-0380848 |
| SPhinX Managed Futures (Hyman Beck), Segregated Portfolio | 98-0392576 |
| SPhinX Managed Futures (Drury Capital), Segregated Portfolio | 98-0392577 |
| SPhinX Managed Futures (Millburn), Segregated Portfolio | 98-0392579 |
| SPhinX Managed Futures (Rotella), Segregated Portfolio | 98-0383525 |
| SPhinX Managed Futures (Argo Willowbridge), Segregated Portfolio | 98-0392583 |
| SPhinX Managed Futures (Winton), Segregated Portfolio | 98-0392589 |
| SPhinX Managed Futures (RGNCM), Segregated Portfolio | 98-0465981 |

EXHIBIT 2

RESERVATION OF RIGHTS

In connection with ballot No. 1310327 for "Class 3 RCM FX/Unsecured Claims," with reference to Claim Nos. 11386 and 11387 (the "Ballot") of Kenneth M. Krys and Christopher Stride, as Joint Official Liquidators (the "Joint Liquidators"), of SPhinX Managed Futures Fund SPC and twenty-one of SMFF's affiliated funds[1] (the "Voting Party"), the Voting Party hereby states as follows:

The Ballot is made expressly subject to all rights and remedies of the Voting Party, all of which are reserved to the greatest extent allowed by applicable law, including without limitation, the following:

A.      The Voting Party has objected to the Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (collectively, "Debtors"), dated October 20, 2006 (the "Plan") and reserves all rights to make such further objections to the Plan as allowed by applicable law.

B.      Any releases, exculpations and waivers referenced in the Ballot are subject to approval of such provisions as part of a final, non-appealable order confirming the Plan, the occurrence of the applicable Effective Date of the Plan and the substantial consummation of the Plan.

C.      By casting the Ballot, the Voting Party (i) does not concede that its claims(s) are properly classified in such class(es) referenced therein or that the amount of such claim(s) is accurately reflected on the Ballot; and (ii) does not thereby submit to the jurisdiction of the Bankruptcy Court except as to the Ballot.

D.      The Ballot is expressly subject to any proofs of claim and any pleadings filed by the Voting Party in the Debtors' bankruptcy cases.

---

[1]    The affiliated funds for which the Joint Liquidators act include SPhinX, Ltd., SPhinX Macro Fund SPC, SPhinX Macro Ltd., SPhinX Managed Futures Fund SPC ("SMFF"), SPhinX Long/Short Equity Fund SPC, SPhinX Convertible Arbitrage Fund SPC, SPhinX Fixed Income Arbitrage Fund SPC, SPhinX Distressed Fund SPC, SPhinX Merger Arbitrage Fund SPC, SPhinX Special Situations Fund SPC, SPhinX Equity Market Neutral Fund SPC, SPhinX Strategy Fund Ltd., SPhinX Plus SPC, Ltd., SPhinX Managed Futures Ltd., SPhinX Long/Short Equity Ltd., SPhinX Convertible Arbitrage Ltd., SPhinX Fixed Income Arbitrage Ltd., SPhinX Distressed Ltd., SPhinX Merger Arbitrage Ltd., SPhinX Special Situations Ltd., SPhinX Equity Market Neutral Ltd., and PlusFunds Manager Access Fund, SPC Ltd.

*BALLOTS MUST BE RECEIVED BY 5:00 P.M. (EASTERN TIME) ON DECEMBER 1, 2006*

<u>BALLOTS CAST BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS WILL NOT BE COUNTED.</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - -x | |
| | Chapter 11 |
| In re: : | |
| | Case No. 05-60006 (RDD) |
| Refco Inc., et al., : | |
| | Jointly Administered |
| Debtors. : | |
| - - - - - - - - - - - - - - - - - - - - - - - - -x | |

SPHINX MANAGED FUTURES FUND SPC ET AL
C/O LOVELLS
ATTN GARY LEE, MARC GOTTRIDGE,
KAREN OSTAD AND MATTHEW MORRIS
590 MADISON AVENUE
NEW YORK, NY 10022
CLAIM AMOUNT: $0.00
BALLOT ID: 1310331
CLAIM #: 11378,11384,11376,11385



RECEIVED
DEC 0 8 2006

<u>BALLOT FOR CLASS 3 RCM FX/UNSECURED CLAIMS *</u>

Record Date for Voting: October 16, 2006

Refco Inc. ("Refco") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] along with Marc S. Kirschner, the Chapter 11 Trustee of the Estate of Refco Capital Markets, Ltd., the Official Committee of Unsecured Creditors of Refco Inc., et al., and the Additional Committee of Unsecured Creditors of Refco Inc., et al., (the "Plan Proponents") are soliciting votes with respect to the Joint Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (as may be amended, supplemented or otherwise modified, the "Plan"), pursuant to and as described in the Disclosure Statement With Respect To Joint Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct And Indirect Subsidiaries (the "Disclosure Statement"). Please refer to the voting instructions herein. If you have any questions about how to properly complete this Ballot, please call the Debtors' voting agent, Omni Management Group, LLC, at (818) 906-8300. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

This Ballot is being sent to the holders of claims ("RCM FX/Unsecured Claims") as classified under the Plan. This Ballot is to be used by the holders of RCM FX/Unsecured Claims to vote to accept or reject the Plan and to grant (or withhold) certain releases described herein. The Plan is described in, and annexed as Exhibit A to, the Disclosure Statement, which accompanies this Ballot. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of RCM FX/Unsecured Claims actually voting on the Plan. If the holders of the RCM FX/Unsecured Claims vote to reject the Plan or are deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan awards fair and equitable treatment to, and does not discriminate unfairly against, the holders of the RCM FX/Unsecured Claims, and that the Plan otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your votes count, you must complete and return this Ballot.

---

[1] The following entities are Debtors in these chapter 11 cases: Bersec International LLC; Kroeck & Associates, LLC; Lind-Waldock Securities LLC; Marshall Metals, LLC; New Refco Group Ltd., LLC; Refco Administration, LLC; Refco Capital Holdings, LLC; Refco Capital LLC; Refco Capital Management, LLC; Refco Capital Trading LLC; Refco Finance Inc.; Refco Financial, LLC; Refco Fixed Assets Management, LLC; Refco F/X Associates, LLC; Refco Global Capital Management LLC; Refco Global Finance Limited; Refco Global Futures, LLC; Refco Global Holdings, LLC; Refco Group Ltd., LLC; Refco Inc.; Refco Information Services, LLC; Refco Managed Futures, LLC; Refco Mortgage Securities, LLC; Refco Regulated Companies, LLC; Summit Management, LLC; and Westminster-Refco Management LLC. Refco Capital Markets, Ltd. is a debtor in these chapter 11 cases, but not a debtor-in-possession.

**PLEASE READ AND FOLLOW THE ATTACHED
INSTRUCTIONS CAREFULLY AND RETURN YOUR
BALLOT IN THE ENVELOPE PROVIDED.**

**THE VOTING DEADLINE IS 5:00 P.M. (EASTERN TIME)
ON DECEMBER 8, 2006.**

---

**IMPORTANT**

YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS AND RCM BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS TREATED AS A RCM FX/UNSECURED CLAIM UNDER THE PLAN.

PLEASE READ CAREFULLY AND FOLLOW THE ATTACHED INSTRUCTIONS ON RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT IS 5:00 PM (EASTERN TIME) ON DECEMBER 8, 2006 (THE "VOTING DEADLINE") OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED. IF YOU HAVE ANY QUESTIONS, PLEASE CALL THE VOTING AGENT, OMNI MANAGEMENT GROUP, LLC, AT (818) 906-8300.

---

Please note that you must vote your entire RCM FX/Unsecured Claim to accept or reject the Plan. You may not split your vote. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim in your vote. Further, if you are submitting a vote with respect to any of your RCM FX/Unsecured Claims, you must vote all of your RCM FX/Unsecured Claims in the same way (i.e., all "Accepts" or all "Rejects"). Moreover, you must vote your RCM Related Claims (as defined in the following paragraph) against the Contributing Debtors and FXA (the "RCM Related Debtor Claims"), if any, in the same way that you vote your RCM FX/Unsecured Claim(s).

"RCM Related Claims" are defined in the Plan to include any claims or causes of action of any holder of an impaired claim against the Debtors and Non-Debtor Affiliates arising from the same facts, transactions or occurrences giving rise to such holder's impaired claim against RCM. The definition of RCM Related Claims specifically excludes any claims by holders of Class 3 RCM FX/Unsecured Claims against any Debtor based on contractual guarantees or other direct contractual undertakings.

An authorized signatory of the holder of RCM FX/Unsecured Claims may execute this Ballot, but must provide the name and address of the holder of such RCM FX/Unsecured Claims on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the holder of RCM FX/Unsecured Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

The Plan Proponents reserve the right to extend the Voting Deadline, by oral or written notice to the Voting Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by section 1126 of the Bankruptcy Code have been received.

The results of the Ballot elections in Items 3-6 below are intended to apply with full force and effect regardless of the whether RCM ultimately is administered under chapter 7 or chapter 11 of the Bankruptcy Code.

**Item 1. Certification of Authority to Vote.**

a.     The undersigned hereby certifies that as of the October 16, 2006 record date, the undersigned is the holder (or authorized signatory for such holder) of a RCM FX/Unsecured Claim in the amount of $10,402,548.00 against Refco Capital Markets, Ltd.

b.     The undersigned hereby certifies that as of the October 16, 2006 record date, the undersigned is the holder (or authorized signatory for such holder) of RCM Related Debtor Claims in the amounts set forth on Schedule 1 hereto, against the Debtor entities listed thereon.

**Item 2. Vote On Plan.**

The holder of the RCM FX/Unsecured Claim set forth in Item 1 and the RCM Related Debtor Claims set forth on Schedule 1 hereto, if any, votes to (check one):

☐    ACCEPT (vote FOR) the Plan.

☒    REJECT (vote AGAINST) the Plan.

**Item 3. Election of Convenience Claim Treatment.**

Pursuant to Section 1.160 of the Plan, each holder of a Class 3 RCM FX/Unsecured Claim in an amount greater than $10,000 may elect to have its Class 3 RCM FX/Unsecured Claim reduced in amount to $10,000 and treated as a Class 6 RCM FX/Unsecured Convenience Claim under the Plan. Under the Plan, each Holder of an Allowed Class 6 RCM FX/Unsecured Convenience Claim shall receive, in full and final satisfaction, settlement, release and discharge of, and in exchange for, such Allowed Class 6 RCM FX/Unsecured Convenience Claim, Cash equal to 60% of its Allowed Class 6 RCM FX/Unsecured Convenience Claim (as reduced, if applicable) on, or as soon as reasonably practicable after the Effective Date. Such Cash distribution will not include RCM BAWAG Proceeds.

While the distribution to holders of Class 3 RCM FX/Unsecured Claims includes Tranche A Litigation Trust Interests, holders of Class 6 RCM FX/Unsecured Convenience Claims do not receive any interests in the Litigation Trust on account of their claims. Further, while holders of Class 3 RCM FX/Unsecured Claims may elect to participate in the Private Actions Trust, holders of Allowed Class 6 RCM FX/Unsecured Convenience Claims are not eligible for such participation. Thus, holders of Class 3 RCM FX/Unsecured Claims electing to receive treatment as Class 6 RCM FX/Unsecured Convenience Claims are deemed to have made the election in Item 4 (i.e., to avoid assigning claims to the Litigation Trust, among other things) and deemed not to have made the election in Item 6 (i.e., to avoid contributing Non-Estate Refco Claims to the Private Actions Trust, among other things).

For purposes of the Plan and the distributions to be made thereunder, the aggregate amount of distributions to holders of Class 6 RCM FX/Unsecured Convenience Claims is limited to $1.458 million (the "RCM FX/Unsecured Convenience Class Limit"). To the extent that the RCM FX/Unsecured Convenience Class Limit is reached, the claims permitted to receive such convenience class treatment shall be determined by reference to the amount of the claim, with the claim in the lowest amount being selected first and the next largest claim being selected thereafter until the RCM FX/Unsecured Convenience Class Limit is reached.

IF YOU ELECT TREATMENT OF YOUR CLASS 3 RCM FX/UNSECURED CLAIM AS A CLASS 6 RCM FX/UNSECURED CONVENIENCE CLAIM, YOU WILL BE DEEMED TO HAVE VOTED YOUR CLASS 6 CLAIM TO ACCEPT THE PLAN, AND YOUR VOTE SET FORTH IN ITEM 2 ABOVE WILL NOT BE COUNTED. However, if you elect treatment of your Class 3 RCM FX/Unsecured Claim as a Class 6 RCM FX/Unsecured Convenience Claim, but your claim is excluded from such class because the RCM FX/Unsecured Convenience Class Limit has been reached, then your claim will be treated as a Class 3 RCM FX/Unsecured Claim in the unreduced amount, and your vote set forth in Item 2 above will be counted.

As described above, if you elect convenience class treatment, you are not eligible to participate in the Litigation Trust or the Private Actions Trust, and you will not receive RCM BAWAG Proceeds. Nonetheless, because you may be excluded from convenience class treatment even if you make the following ballot election, you also must complete the elections in Items 4, 5 and 6 below.

The holder of the Class 3 RCM FX/Unsecured Claim set forth in Item 1:

☐    ELECTS treatment of its Class 3 RCM FX/Unsecured Claim as a Class 6 RCM FX/Unsecured Convenience Claim under the Plan.

**Item 4. Election Not To Assign RCM Related Debtor Claims to Litigation Trust, Not To Affirm Subordination of RCM Related Claims Against Contributing Non-Debtor Affiliates, and Not to Release Secured Lenders from Secured Lender Released Claims.**

Under the Plan, your RCM Related Debtor Claims are subordinated to the payment in full of all non-subordinated claims against the Debtors. Unless you make the election set forth below, you agree (i) to assign your RCM Related Debtor Claims to the Litigation Trust; (ii) to affirm your understanding that your RCM Related Claims against any Contributing Non-Debtor Affiliate will be subordinated pursuant to the Plan, as of each applicable Contributing Non-Debtor Affiliate Trigger Date, to all other existing claims against and equity interests in the applicable Contributing Non-Debtor Affiliate (and that such RCM Related Claims may be deemed released upon the determination of the RCM Trustee, with the consent of the Plan Committee, in accordance with section 10.2(c) of the Plan); and (iii) to release the Secured Lenders (in such capacities) from your Secured Lender Released Claims (if any) (collectively, the "Deemed Agreements"), in order to receive your applicable share of the RCM Cash Distribution and 50% of the RGL FXCM Distribution, which will include, unless you affirmatively elect otherwise in Item 5 below, the RCM BAWAG Proceeds. If you do not wish to agree to the Deemed Agreements, you may opt out of such treatment by checking the box below.

**EACH HOLDER OF A CLASS 3 RCM FX/UNSECURED CLAIM WHO DOES NOT CHECK THE BOX BELOW WILL BE DEEMED TO HAVE AGREED (i) TO ASSIGN ITS RCM RELATED DEBTOR CLAIMS TO THE LITIGATION TRUST, (ii) TO AFFIRM THE SUBORDINATION OF ITS RCM RELATED CLAIMS AGAINST CONTRIBUTING NON-DEBTOR AFFILIATES (AS MORE PARTICULARLY DESCRIBED ABOVE), AND (iii) TO RELEASE THE SECURED LENDERS (IN SUCH CAPACITIES) FROM ITS SECURED LENDER RELEASED CLAIMS (IF ANY).**

The holder of the RCM FX/Unsecured Claim set forth in Item 1:

☒ ELECTS not to assign its RCM Related Debtor Claims to the Litigation Trust, affirm the subordination of its RCM Related Claims against any Contributing Non-Debtor Affiliate, and release the Secured Lenders (in such capacities) from its Secured Lender Released Claims (if any).

**BY CHECKING THIS BOX YOU HAVE ELECTED TO OPT OUT OF THE DEEMED AGREEMENTS AND, ACCORDINGLY, YOU WILL NOT BE ENTITLED TO RECEIVE YOUR APPLICABLE SHARE OF THE RCM CASH DISTRIBUTION AND 50% OF THE RGL FXCM DISTRIBUTION, INCLUDING THE RCM BAWAG PROCEEDS.**

**Item 5. Election Not To Accept RCM BAWAG Proceeds.**

Under the Plan, the holder of the RCM FX/Unsecured Claim set forth in Item 1 will receive RCM BAWAG Proceeds as a component of its RCM Cash Distribution and certain other property, unless such holder elects not to receive RCM BAWAG Proceeds (or unless such holder has made the Item 4 election above). On the Effective Date, each Holder of a RCM FX/Unsecured Claim that has not affirmatively exercised its option to be excluded from any Distribution of RCM BAWAG Proceeds prior to the Voting Deadline shall be deemed to forever release, waive and discharge all claims, demands, debts, rights, causes of action or liabilities against BAWAG, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way arising from or relating to Refco or the RGH Entities (each as defined in the BAWAG Settlement), and any transactions involving such parties, including but not limited to claims or actions arising from or related to (a) the allegations set forth in the Complaint and the Counterclaim (each as defined in the BAWAG Settlement), (b) the allegations set forth in the Adversary Proceeding (as defined in the BAWAG Settlement), or (c) any allegations that could have been made by any of the Refco Parties (as defined in the BAWAG Settlement). If you make the election by checking the box in this Item 5 you will not be entitled to receive your pro rata share of the RCM BAWAG Proceeds.

If you are a member of the putative class in the Securities Litigation styled In re Refco, Inc. Securities Litigation, Case No. 05 Civ. 8626 (GEL) (S.D.N.Y.), which includes all persons or entities who purchased or otherwise acquired Refco Group Ltd., LLC/Refco Finance Inc. 9% Senior Subordinated Notes due 2012 and/or common stock of Refco Inc. during the period from August 5, 2004 through and including October 17, 2005, except for those persons and entities specifically excluded therefrom, you may elect to receive BAWAG Proceeds under the Plan without releasing any claims against the BAWAG Entities and while retaining your eligibility to receive a distribution from the proposed settlement with BAWAG pending in the Securities Litigation.

Holders of Class 3 RCM FX/Unsecured Claims electing in Item 4 not to agree to the Deemed Agreements are not eligible for this election (because holders making the Item 4 election are not entitled to receive RCM BAWAG Proceeds).

The holder of the RCM FX/Unsecured Claim set forth in Item 1:

☒ ELECTS not to accept RCM BAWAG Proceeds.

4

**Item 6.  Election To Contribute Non-Estate Refco Claims to Private Actions Trust.**

"Non-Estate Refco Claims" are non-estate causes of action arising from any matter involving Refco Inc. and/or its affiliates (the "Refco Entities"), excluding (i) contract claims against third parties; and (ii) (a) claims for violation of securities laws arising under and pursuant to Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (collectively, "Securities Claims") that currently are being asserted in the class action styled In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation, 06 CIV 643 (GEL) (S.D.N.Y.) (the "Brokerage Customer Securities Litigation"), and (b) claims currently being asserted in certified class actions relating to the Debtors or RCM, if any (such class actions, together with the Brokerage Customer Securities Litigation, the "Class Actions"). Non-Estate Refco Claims include, without limitation, causes of action against: (i) all current and former officers, directors or employees of the Refco Entities; (ii) all persons or entities that conducted transactions with the Refco Entities; and (iii) all persons or entities that provided services to the Refco Entities, including, without limitation, all attorneys, accountants, financial advisors and parties providing services to the Refco Entities in connection with the public issuance of debt or equity, including, without limitation, all underwriters.

Holders of RCM FX/Unsecured Claims that (i) contribute their Non-Estate Refco Claims to the Private Actions Trust and (ii) assign (or cause to be assigned) their allocable share of the class action proceeds from the Class Actions to the Private Actions Trust will receive in exchange for their claims and proceeds the right to receive their pro rata share of the proceeds of the Private Actions Trust; provided, however, that consistent with the Private Actions Trust Agreement, a secondary purchaser of RCM FX/Unsecured Claims may participate in the Private Actions Trust only if such purchaser has received an assignment of Non-Estate Refco Claims from the original holder of such claims and has elected (i) to assign such Non-Estate Refco Claims to the Private Actions Trust and (ii) to assign (or cause to be assigned) its allocable share of class action proceeds from the Class Actions to the Private Actions Trust. **EACH HOLDER OF A RCM FX/UNSECURED CLAIM WHO CHECKS THE BOX BELOW WILL BE DEEMED TO HAVE AGREED (i) TO CONTRIBUTE ITS NON-ESTATE REFCO CLAIMS TO THE PRIVATE ACTIONS TRUST AND (ii) TO ASSIGN (OR CAUSE TO BE ASSIGNED) ITS ALLOCABLE SHARE OF THE CLASS ACTION PROCEEDS FROM THE CLASS ACTIONS TO THE PRIVATE ACTIONS TRUST.**

The holder of the RCM FX/Unsecured Claim set forth in Item 1:

☐    ELECTS (i) to contribute its Non-Estate Refco Claims to the Private Actions Trust and (ii) to assign (or cause to be assigned) its allocable share of the class action proceeds from the Class Actions to the Private Actions Trust.

**Item 7.  Authorization.**

By returning this Ballot, the undersigned holder of the RCM FX/Unsecured Claim and RCM Related Debtor Claims, if any, hereby certifies that as of the October 16, 2006 record date, it is the holder of the claim set forth in Item 1 above and the claim(s) set forth on Schedule 1 hereto, and has full power and authority to vote to accept or reject the Plan. To the extent that the undersigned is voting on behalf of the actual holder of the claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the tabulation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

The undersigned further certifies that (a) it has received a copy of the Disclosure Statement (including the exhibits thereto); (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement; and (c) understands that, by executing this Ballot, it is granting the releases described in Sections 10.2(b) of the Plan and consenting to the injunctions set forth in Article X of the Plan, which releases and injunctions are set forth in full in the Notice Of (A) Confirmation Hearing With Respect To Joint Chapter 11 Plan Of Refco Inc. And Certain Of Its Direct and Indirect Subsidiaries And (B) Related Objection Deadline included herewith. *

Name of Voter: Sphinx Managed Futures Fund and each entity listed on Exhibit 1
(Print or Type)

Social Security or Federal Tax I.D. No.: See Exhibit 1

Signature: *Karen Ostad*

By: on behalf of Joint Official Liquidators
(If Appropriate)

Print or Type Name: KAREN OSTAD

Title: PARTNER
(If Appropriate)

Street Address: c/o Lovells, 590 Madison Avenue

City, State, Zip Code: New York, NY 10022

Telephone Number: (213) 909-0605

Date Completed: 12/17/06

* THE VOTE CAST BY THIS BALLOT IS MADE SUBJECT TO THE RESERVATION OF RIGHTS ANNEXED HERETO AS EXHIBIT 2 AND MADE A PART HEREOF.

## EXHIBIT 1

1. SphinX Ltd.

2. SphinX Macro Fund SPC

3. SphinX Macro Ltd.

4. SphinX Managed Futures Fund SPC

5. SphinX Long/Short Equity Fund SPC

6. SphinX Convertible Arbitrage Fund SPC

7. SphinX Fixed Income Arbitrage Fund SPC

8. SphinX Distressed Fund SPC

9. SphinX Merger Arbitrage Fund SPC

10. SphinX Special Situations Fund SPC

11. SphinX Equity Market Neutral Fund SPC

12. SphinX Strategy Fund Ltd

13. SphinX Plus SPC, Ltd.

14. SphinX Managed Futures Ltd.

15. SphinX Long/Shirt Equity Ltd.

16. SphinX Convertible Arbitrage Ltd.

17. SphinX Fixed Income Arbitrage ltd.

18. SphinX Distressed Ltd.

19. SphinX Merger Arbitrage Ltd.

20. SphinX Special Situation Ltd.

21. SphinX Equity Market Neutral Ltd.

22. PlusFunds Manager Access Fund, SPC Ltd.

| | Tax ID EIN |
|---|---|
| SPhinX Managed Futures (JWH), Segregated Portfolio | 98-0392611 |
| SPhinX Managed Futures (Campbell FME Large), Segregated Portfolio | 98-0380699 |
| SPhinX Managed Futures (Aspect), Segregated Portfolio | 98-0392574 |
| SPhinX Managed Futures (Beach), Segregated Portfolio | 98-0392586 |
| SPhinX Managed Futures (Chesapeake Capital), Segregated Portfolio | 98-0380697 |
| SPhinX Managed Futures (Dunn), Segregated Portfolio | 98-0392587 |
| SPhinX Managed Futures (Eclipse), Segregated Portfolio | 98-0392607 |
| SPhinX Managed Futures (Graham Global Investment), Segregated Portfolio | 98-0380848 |
| SPhinX Managed Futures (Hyman Beck), Segregated Portfolio | 98-0392576 |
| SPhinX Managed Futures (Drury Capital), Segregated Portfolio | 98-0392577 |
| SPhinX Managed Futures (Millburn), Segregated Portfolio | 98-0392579 |
| SPhinX Managed Futures (Rotella), Segregated Portfolio | 98-0383525 |
| SPhinX Managed Futures (Argo Willowbridge), Segregated Portfolio | 98-0392583 |
| SPhinX Managed Futures (Winton), Segregated Portfolio | 98-0392589 |
| SPhinX Managed Futures (RGNCM), Segregated Portfolio | 98-0465981 |

EXHIBIT 2
RESERVATION OF RIGHTS

In connection with ballot No. 1310331 for "Class 3 RCM FX/Unsecured Claims," with reference to Claim Nos. 11378, 11384, 11376 and 11385, (the "Ballot") of Kenneth M. Krys and Christopher Stride, as Joint Official Liquidators (the "Joint Liquidators"), of SPhinX Managed Futures Fund SPC and twenty-one of SMFF's affiliated funds[1] (the "Voting Party"), the Voting Party hereby states as follows:

The Ballot is made expressly subject to all rights and remedies of the Voting Party, all of which are reserved to the greatest extent allowed by applicable law, including without limitation, the following:

A.      The Voting Party has objected to the Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (collectively, "Debtors"), dated October 20, 2006 (the "Plan") and reserves all rights to make such further objections to the Plan as allowed by applicable law.

B.      Any releases, exculpations and waivers referenced in the Ballot are subject to approval of such provisions as part of a final, non-appealable order confirming the Plan, the occurrence of the applicable Effective Date of the Plan and the substantial consummation of the Plan.

C.      By casting the Ballot, the Voting Party (i) does not concede that its claims(s) are properly classified in such class(es) referenced therein or that the amount of such claim(s) is accurately reflected on the Ballot; and (ii) does not thereby submit to the jurisdiction of the Bankruptcy Court except as to the Ballot.

D.      The Ballot is expressly subject to any proofs of claim and any pleadings filed by the Voting Party in the Debtors' bankruptcy cases.

---

[1]      The affiliated funds for which the Joint Liquidators act include SPhinX, Ltd., SPhinX Macro Fund SPC, SPhinX Macro Ltd., SPhinX Managed Futures Fund SPC ("SMFF"), SPhinX Long/Short Equity Fund SPC, SPhinX Convertible Arbitrage Fund SPC, SPhinX Fixed Income Arbitrage Fund SPC, SPhinX Distressed Fund SPC, SPhinX Merger Arbitrage Fund SPC, SPhinX Special Situations Fund SPC, SPhinX Equity Market Neutral Fund SPC, SPhinX Strategy Fund Ltd., SPhinX Plus SPC, Ltd., SPhinX Managed Futures Ltd., SPhinX Long/Short Equity Ltd., SPhinX Convertible Arbitrage Ltd., SPhinX Fixed Income Arbitrage Ltd., SPhinX Distressed Ltd., SPhinX Merger Arbitrage Ltd., SPhinX Special Situations Ltd., SPhinX Equity Market Neutral Ltd., and PlusFunds Manager Access Fund, SPC Ltd.