UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
KENNETH KRYS and CHRISTOPHER STRIDE as :
Joint Official Liquidators of SPHINX LTD., *et al.*, :
                                 :
              Plaintiffs,       :       Index No. 08 Civ. 3065 (GEL)
                                   :
          -against-            :
                                     :
CHRISTOPHER SUGRUE, *et al.*,           :
                                     :
             Defendants.       :
                                     :
------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BAWAG'S MOTION TO REFER COUNTS XXIV, XXV, AND XXVII OF THE COMPLAINT AS ALLEGED AGAINST BAWAG TO THE BANKRUPTCY COURT

DECHERT LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 698-3500

*Attorneys for Bank für Arbeit und*
*Wirtschaft und Österreichische*
*Postsparkasse Aktiengesellschaft*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................. 3

I.      PLAINTIFFS' CLAIMS ARE CORE BANKRUPTCY MATTERS ................................ 3

      A.     The Bankruptcy Court Has Core Jurisdiction Over Matters That Involve The Enforcement Or Construction Of Bankruptcy Court Orders, As Is The Case Here ............................................................................................................ 3

      B.     State Law Claims Do Not Preclude The Existence Of Core Jurisdiction .............. 4

      C.     Plaintiffs' Claims Are Property Of The Refco Estates And Were Settled By The Refco Creditors' Committee .................................................................... 6

      D.     The Bankruptcy Court's Orders Approving BAWAG's Release, And Barring Claims Over Against It, Are Final Orders Binding On All Of Refco's Creditors ............................................................................................... 7

II.     PLAINTIFFS' CLAIMS ARE RELATED TO THE REFCO BANKRUPTCY ............... 9

CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

PAGE

*Central Vt. P.S.C. v. Herbert,*
    341 F.3d 186 (2d Cir. 2003)...............................................................................4

*In re Cuyahoga Equip. Corp.,*
    980 F.2d 110 (2d Cir. 1992)..............................................................................9

*In re Delta Air Lines, Inc.,*
    374 B.R. 516 (S.D.N.Y. 2007)........................................................................7, 8

*In re Enron Corp.,*
    No. 04-7693, 2004 U.S. Dist. LEXIS 25259 (S.D.N.Y. Dec. 14, 2004) ...........10

*In re Enron Corp.,*
    318 B.R. 273 (S.D.N.Y. 2004)......................................................................10

*In re Formica Corp.,*
    305 B.R. 147 (S.D.N.Y. 2004)......................................................................10

*In re Magnesium Corp. of Am.,*
    No. 04-1357, 2004 U.S. Dist. LEXIS 9389 (S.D.N.Y. May 24, 2004) ............10

*In re Manville Forest Prods. Corp.,*
    896 F.2d 1384 (2d Cir. 1990)..........................................................................4

*In re Marconi PLC,*
    363 B.R. 361 (S.D.N.Y. 2007) (Lynch, J.) ........................................................5

*Master-Halco, Inc. v. Richard D'Angelo & Rickster Assocs.,*
    351 B.R. 267 (D. Conn. 2006) ........................................................................4

*National Am. Ins. Co. v. Ruppert Landscaping Co.,*
    187 F.3d 439 (4th Cir. 1999) ......................................................................5, 6

*In re Petrie Retail, Inc.,*
    304 F.3d 223 (2d Cir. 2002)............................................................................4

*In re Refco Inc.,*
    505 F.3d 109 (2d Cir. 2007)............................................................................2

*Kirschner v. Grant Thorton LLP (In re Refco, Inc. Sec. Litig.),*
    No. 07-11604, 2008 U.S. Dist. LEXIS 32798
    (S.D.N.Y. Apr. 21, 2008) (Lynch, J.) ......................................................3, 9, 10

*In re SPhinX, Ltd.*,
    371 B.R. 10 (S.D.N.Y. 2007).........................................................................2

*St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*,
    884 F.2d 688 (2d Cir. 1989).........................................................................6

*In re Sterling Optical Corp.*,
    302 B.R. 792 (Bankr. S.D.N.Y. 2003) ......................................................3

*Winstar Holdings LLC v. Blackstone Group L.P.*,
    No. 07-4634, 2007 U.S. Dist. LEXIS 90482
    (S.D.N.Y. Dec. 10, 2007) (Lynch, J.) ...............................................3, 4, 9


## STATUTES

28 U.S.C. § 157(a) ...........................................................................................1

28 U.S.C. § 157(b)(3) ...................................................................................2, 4


## OTHER AUTHORITIES

July 10, 1984 standing order of reference to bankruptcy judges
    signed by then-Acting Chief Judge Robert J. Ward ...................................1

Defendant BAWAG[1] respectfully submits this reply memorandum of law in further support of its motion for an order, pursuant to 28 U.S.C. § 157(a) and the Standing Order of Reference, referring Counts XXIV, XXV, and XXVII of the Complaint as alleged against BAWAG to the Bankruptcy Court.

## PRELIMINARY STATEMENT

Referral to the Bankruptcy Court of core bankruptcy claims, like those plaintiffs assert here, and even claims "related to" a bankruptcy, is automatic under the Standing Order of Reference, which provides that all such proceedings "*are* referred to the bankruptcy judges for this district." *See* Brick Aff.,[2] Exh. F (emphasis added). Despite the propriety of referral in this case, plaintiffs accuse BAWAG of forum-shopping – a stunning irony given plaintiffs' efforts to avoid Bankruptcy Court jurisdiction. In bringing their claims in the New York State Supreme Court, in resisting referral, and in concurrently seeking a remand to the New York State court, plaintiffs seek to avoid the two judges presiding over essentially the entirety of the Refco-related litigation and who are well-versed in the facts and the procedural histories of these matters: Hon. Gerard Lynch and Hon. Robert Drain. Indeed, plaintiffs' intent is clear from the nearly three pages of allegations in their state court Complaint that purport to explain why there is no bankruptcy jurisdiction in this case. *See* Brick Aff., Exh. E ¶¶ 87-98.

As BAWAG noted in its Moving Brief, the Complaint also demonstrates that plaintiffs' real motivation is to recover the $263 million SPhinX paid to the Refco Estates to settle the

---

[1] Capitalized terms not otherwise defined herein have the same meaning as set forth in the April 2, 2008 Memorandum Of Law In Support Of Defendant BAWAG's Motion To Refer Counts XXIV, XXV, And XXVII Of The Complaint As Alleged Against BAWAG To Bankruptcy Court (the "Moving Brief" or "Mov. Br.").

[2] "Brick Aff." refers to the Affidavit of Brian H. Brick, sworn to April 2, 2008, submitted with BAWAG's Moving Brief.

Preference Action brought against it. Having twice failed to set aside that settlement in the

Bankruptcy Court,[3] plaintiffs seek to attack collaterally the Bankruptcy Court's orders in a state

court proceeding against BAWAG and others. Plaintiffs are foreclosed, however, from asserting

such a claim against BAWAG by the "Claim Over" provision contained in the Settlement

between BAWAG and the Refco Creditors' Committee, which was referenced, approved and

implemented in the Refco Plan. *See* Mov. Br. at 6 -7.[4]

In short, it is plaintiffs, not BAWAG, who have engaged in forum shopping, in a

desperate effort to put this case before a New York State Court judge entirely unfamiliar with the

matter rather than the Bankruptcy Court judge whose orders are at issue. BAWAG, in contrast,

merely seeks a reference of plaintiffs' claims, which are core bankruptcy matters, to the

Bankruptcy Court judge who is intimately familiar with the underlying facts and best suited to

interpret and to enforce his own orders. Even if there were a doubt as to whether the claims at

issue are "core," which there is not, the claims should nevertheless be referred to the Bankruptcy

Court to determine whether the claims asserted by plaintiffs belong to the Refco Estates as well

as the impact of the Court's prior orders. *See* 28 U.S.C. § 157(b)(3) ("the bankruptcy judge shall

determine . . . whether a proceeding is a core proceeding").

---

[3] After the Bankruptcy Court approved the settlement of the SPhinX Preference Action, plaintiffs
brought a case under Chapter 15 of the Bankruptcy Code (purportedly in aid of Cayman Island
winding up proceedings) and asked such case be considered a "foreign main" proceeding to
obtain the benefit of an automatic stay. The Bankruptcy Court denied plaintiffs' request, finding
that the only apparent purpose of their case was to collaterally attack the SPhinX settlement. *See
In re SPhinX, Ltd.*, 371 B.R. 10, 13-14, 18-19 (S.D.N.Y. 2007). Plaintiffs also sought to reverse
this Court's affirmance of the Bankruptcy Court's approval of the SPhinX settlement. The
Second Circuit upheld the approval of the settlement. *See In re Refco Inc.*, 505 F.3d 109, 111 (2d
Cir. 2007).

[4] Plaintiffs argue that the Claim Over protection cannot apply to PlusFunds' injury. Even if true,
PlusFunds is nonetheless subject to core bankruptcy jurisdiction because the claims PlusFunds
asserts are property of the Refco Estates, are alter ego claims, and require the interpretation by the
Bankruptcy Court of various provisions of that Court's final orders and the Refco Plan.

If this Court for any reason determines that this case is not related to the Refco

Bankruptcy, and does not refer the case to Judge Drain, this Court should retain the matter as

relating to the SPhinX and PlusFunds bankruptcies for the reasons stated in the removal papers

of the other defendants in this action, and those stated in this Court's decision in *Kirschner v.*

*Grant Thorton LLP (In re Refco, Inc. Sec. Litig.)*, 2008 U.S. Dist. LEXIS 32798 (S.D.N.Y. Apr.

21, 2008) (Lynch, J.)(hereinafter "*Kirschner*").

**ARGUMENT**

### I.   PLAINTIFFS' CLAIMS ARE CORE BANKRUPTCY MATTERS

As set forth in BAWAG's Moving Brief, plaintiffs' claims are core matters that arise

under title 11, or arise in a case under title 11, and therefore should be referred to the Bankruptcy

Court. Specifically, plaintiffs' claims: (a) are "Claims Over" barred by the BAWAG Settlement

that was "so ordered" by the Bankruptcy Court and incorporated into the Refco Plan; (b)

otherwise contravene the Refco Plan and the Confirmation Order; and (c) are claims belonging to

the Refco Estates, as generalized claims affecting all Refco creditors and as alter ego claims. *See*

Mov. Br. at 11-19 and authorities cited therein. Plaintiffs have advanced no argument that

disturbs any of these conclusions.

### A.   The Bankruptcy Court Has Core Jurisdiction Over Matters That Involve The Enforcement Or Construction Of Bankruptcy Court Orders, As Is The Case Here

Plaintiffs assert that the New York State Supreme Court is capable of interpreting the

relevant provisions of the BAWAG Settlement, the Plan, and the Confirmation Order. This

argument is not an effective challenge to this case's core bankruptcy jurisdiction. As set forth by

the court in *In re Sterling Optical Corp.*, 302 B.R. 792, 801 (Bankr. S.D.N.Y. 2003), and

favorably quoted by this Court recently in *Winstar Holdings LLC v. Blackstone Group L.P.*, 2007

U.S. Dist. LEXIS 90482 (S.D.N.Y. Dec. 10, 2007) (Lynch, J.), "[a] claim 'arises in' bankruptcy

- 3 -

[and therefore is core] if, by its very nature, the claim can only be brought in a bankruptcy action
. . . *Matters involving the enforcement or construction of a bankruptcy court order are in this
category.*" *See Winstar* at \*11 (emphasis added, internal citations omitted); *see also In re Petrie
Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002); Mov. Br. at 4 and n.9.[5]

**B.    State Law Claims Do Not Preclude The Existence Of Core Jurisdiction**

Plaintiffs assert that because their claims against BAWAG are state law causes of action,
they cannot be core matters.  (Opp. Br. at 4-12).[6]  This assertion directly contravenes the clear
statutory mandate that "[a] determination that a proceeding is not a core proceeding *shall not be
made solely on the basis that its resolution may be affected by State law.*" 28 U.S.C. § 157(b)(3)
(emphasis added).  A finding that a proceeding is core rests on "whether the nature of [the]
proceeding, *rather than the state or federal basis for the claim,* falls within the core of federal
bankruptcy power." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1389 (2d Cir. 1990)
(citations omitted); *Central Vt. P.S.C. v. Herbert*, 341 F.3d 186, 191-92 (2d Cir. 2003) (relevant
issues are "nature of the proceeding" and "ramifications of the dispute on the administration of
the estate"); *Master-Halco, Inc. v. Richard D'Angelo & Rickster Assocs.*, 351 B.R. 267, 269,
271-72 (D. Conn. 2006) (claims for, *inter alia*, civil conspiracy, aiding and abetting breach of
fiduciary duty and fraud, and tortious interference claims – the same claims plaintiffs assert (or
will soon assert)[7] against BAWAG – held to be core); *see also Winstar*, 2007 U.S. Dist. Lexis

---

[5]    Plaintiffs cite a number of cases for the proposition that a state court can determine whether
particular claims were discharged in bankruptcy, which is not an issue relevant to this proceeding.

[6]    "Opposition Brief" or "Opp. Br." refers to Plaintiffs' Memorandum Of Law dated April 25, 2008
In Opposition To BAWAG's Motion To Refer.

[7]    Plaintiffs have indicated their intention to amend the Complaint to add a claim against BAWAG
for aiding and abetting breaches of fiduciary duty. Opp. Br. at 5 n.3.

90482 at *3 (claims that "sound solely in New York common law" held to be subject to core bankruptcy jurisdiction).

Plaintiffs' claims are not ordinary state law claims that can exist independently from the Refco Bankruptcy Cases. Rather, they are entirely derivative of, and governed by, bankruptcy-created settlements, Bankruptcy Court orders, and the confirmed Plan, which makes the nature of plaintiffs' claims integral to the administration of the Refco Bankruptcy Cases and, thus, core matters. Mov. Br. at 11-19. The Bankruptcy Court specifically described the integral nature of the settlements incorporated into the Plan (which include the BAWAG Settlement) and noted them to be in the best interests of the Refco Estates. *See, e.g.*, Brick Aff. Exh. D at 18-19 ¶ DD.

Nor do any cases cited by plaintiffs for their argument that there is no core jurisdiction involve claims that violate provisions of a confirmed bankruptcy plan or bankruptcy court orders, as SPhinX's claims do. *See* Opp. Br. at 4-5. Nor do any of cases plaintiffs cite deal with claims belonging to a bankruptcy estate, as is true here. In fact, none of the cases plaintiffs cite involve claims that are integrally connected with any bankruptcy proceeding. Nor are these cases otherwise applicable. For example, *In re Marconi PLC*, 363 B.R. 361, 366 (S.D.N.Y. 2007) (Lynch, J.), involved the limits of jurisdiction under former Section 304 of the Bankruptcy Code (now Chapter 15), which addressed ancillary jurisdiction of U.S. courts in connection with foreign bankruptcies. Those limits are irrelevant here, since Refco filed under Chapter 11.

Plaintiffs' pleadings themselves belie their bankruptcy jurisdiction arguments. As noted above, plaintiffs spend almost three pages in their Complaint alleging why there is no federal bankruptcy jurisdiction. Brick Aff. Exh. E ¶¶ 87-98. But plaintiffs cannot plead claims that are governed by bankruptcy law, or that are property of the Refco Estates, and then hide behind the words they have chosen to describe those claims. The true nature of the claims –not the names

- 5 -

they are given or the manner in which they are asserted – controls the core determination, and

plaintiffs cannot avoid bankruptcy jurisdiction through their pleading efforts. *See National Am.*

*Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441-42 (4th Cir. 1999) (parties cannot

"artfully plead their way out of bankruptcy court" by trying to disguise a claim that belongs to

the bankruptcy estate as an independent claim).[8]

## C.    Plaintiffs' Claims Are Property Of The Refco Estates And Were Settled By The Refco Creditors' Committee

As BAWAG also explained in the Moving Brief (at 3, 15-17), plaintiffs' claims share an

identical nucleus of operative facts with the claims the Committee brought, settled and released

against BAWAG.  In their opposing papers, plaintiffs describe the gravamen of the Committee's

claims to be that certain officers of Refco, "with the assistance of BAWAG, committed improper

acts, including fraud, that hid Refco's insolvency."  Opp. Br. at 15.  This is substantially the

same as plaintiffs' claims that BAWAG provided "material assistance and participation in

fraudulently disguising Refco's insolvency."  *Id.*  The only element of plaintiffs' claims that is

different than that of Refco's other creditors, is the *amount* of the loss alleged.  However, that is

insufficient to establish individualized harm, which requires that damages "differ[ ] *in kind* from

the harm suffered by any other creditor."  *St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*,

884 F.2d 688, 704 (2d Cir. 1989) (emphasis added); *see also* Mov. Br. at 3, 15-17.

The substantial similarity between plaintiffs' claims and the Committee's claims against

BAWAG demonstrates the illogic of plaintiffs' position.  Plaintiffs increase that similarity by

announcing they will seek to add a claim for aiding and abetting breaches of fiduciary duty –

---

[8]    Thus, merely because plaintiffs do not use the word "contribution" in their Complaint to describe their claims against BAWAG does not mean that their attempt to recover the $263 million SPhinX paid in settlement to the Refco Estates is not in fact a contribution claim, which is barred by the Claim Over provisions of the BAWAG Settlement that was "so ordered" by the Bankruptcy Court. *See* Mov. Br. at 6-7.

which plaintiffs acknowledge was one of the claims the Committee asserted against, and settled with, BAWAG.  Opp. Br. at 5 n.3.

Plaintiffs' claims against BAWAG also belong to the Refco Estates because they are all based on an alleged alter-ego relationship between BAWAG and Refco.  Plaintiffs argue that they do not assert an alter-ego claim.  However, plaintiffs' Complaint is filled with allegations that BAWAG "controlled," "dominate[d]," and "influence[d]" Refco.  Thus, plaintiffs seek damages from BAWAG either as the alter ego of Refco or for aiding and abetting Refco's alleged misconduct.  In either event, plaintiffs cannot bring these claims, which were released by one or more orders of the Bankruptcy Court.  *See* Mov. Br. at 10, 17.

**D.    The Bankruptcy Court's Orders Approving BAWAG's Release, And Barring Claims Over Against It, Are Final Orders Binding On All Of Refco's Creditors**

Plaintiffs assert that the Release and Claim Over provisions of the BAWAG Settlement and the Refco Plan do not apply to them because they were not parties to the settlement and chose not to receive proceeds from that settlement.  *See* Opp. Br. at 8-11, 16-18.  This argument ignores that the Claim Over provisions of the BAWAG Settlement are expressly directed to "any third party not party to this stipulation and order," which clearly includes plaintiffs.  *See* Exh. A. to Brick Aff., ¶ 6 (a).  SPhinX was a creditor in the Refco bankruptcy, with notice and an opportunity to object to the BAWAG Settlement, which included the Release and Claim Over provision that bars plaintiffs' disguised contribution claims against BAWAG.  SPhinX also had notice and an opportunity to object to the Refco Plan, which referenced and implemented the BAWAG Settlement and Release.  Yet SPhinX did not object to the motion to approve the BAWAG Settlement, its limited objection to the motion to confirm the Refco Plan was overruled, and the orders granting such motions are now final orders binding on all of Refco's

- 7 -

creditors.[9] *See In re Delta Air Lines, Inc.*, 374 B.R. 516, 526-27 (S.D.N.Y. 2007) (Court rejected creditors' attempts to upset settlement when they had "ample notice and opportunity to voice their views on the Settlement generally and on the release of claims specifically"). Accordingly, plaintiffs "are permanently barred and enjoined from commencing or prosecuting any action against the BAWAG Parties based on a Claim Over." Exh. A. to Brick Aff., ¶ 6(c). At most, plaintiffs raise questions about the interpretation and construction of the Claim Over and Release provisions, matters that can and should be decided by the Bankruptcy Court.

Plaintiffs also incorrectly assert that BAWAG ignored certain provisions of the BAWAG Settlement and the Refco Plan in its Moving Brief. None of the provisions plaintiffs ask the Court to consider – the Electing Creditor Release, the judgment reduction provisions or the Plan's release by recipients of BAWAG proceeds – has any bearing on the jurisdictional issue. Rather, it is plaintiffs who ignore the relevant provisions of the BAWAG Settlement and Refco Plan. Among other reasons, the judgment reduction provisions are inapplicable by their terms because plaintiffs' underlying payment to the Refco Estates was for a *settlement*, not a judgment.

Plaintiffs also argue against enforcement of the provisions of the BAWAG Settlement, the Plan, and the Confirmation Order that retain jurisdiction in the Bankruptcy Court because they were not a party to those documents. Opp. Br. at 10-12. However, SPhinX's Preference Action Settlement (Molton Dec. Ex. A) contains an agreement between SPhinX and the Committee retaining jurisdiction in the Bankruptcy Court for any matter relating to enforcement

---

[9]     Plaintiffs also argue that the Bankruptcy Court did not have authority to release BAWAG. That is incorrect, and plaintiffs do not have standing to collaterally attack the Bankruptcy Court's final orders. The "Bankruptcy Court may approve the release of claims against third parties where those releases played an 'important part' in a debtor's reorganization plan." *In re Delta Airlines*, 374 B.R. at 525-26 (citations omitted). It is indisputable that the release of BAWAG was an important part of the Refco Plan because it brought hundreds of millions of dollars into the Refco Estates, and provided additional consideration in the form of a waiver of more than $430 million of claims BAWAG had against the Refco Estates.

of the settlement. *Id.* at 7-8 ¶ 7. Because SPhinX's settlement payment is at the heart of plaintiffs' claims against BAWAG, the retention of jurisdiction provision in the Preference Action Settlement, together with the jurisdictional provisions in the BAWAG Settlement, the Plan, and the Confirmation Order, provide ample support for deeming Plaintiffs subject to the continuing jurisdiction of the Bankruptcy Court.

## II.    PLAINTIFFS' CLAIMS ARE RELATED TO THE REFCO BANKRUPTCY

Plaintiffs argue that, not only is this matter not a "core" proceeding, but it is not even "related to" the Refco bankruptcy cases. Opp. Br. at 19-21. This position is patently without merit. The entire Complaint centers on the wrongdoing of Refco that lead to its bankruptcy, and seeks to hold BAWAG (and others) liable for that wrongdoing. Moreover, Plaintiffs offer an incorrect, restrictive standard for "related to" jurisdiction of the sort that was recently rejected by this Court in *Kirschner,* 2008 U.S. Dist. LEXIS 32798, at *11-21, 29-31. There need not be a direct financial impact on the Refco Estates for there to be "related to" jurisdiction. Rather, "related to" jurisdiction exists whenever a litigation has a "significant connection with the bankruptcy estate," or the "outcome might have any conceivable effect on the bankruptcy estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) (internal quotations and citations omitted). Despite plaintiffs' argument to the contrary, BAWAG's purported inability to assert contribution or indemnification claims against the Refco Estates is not dispositive of the jurisdictional issue. *See Winstar*, 2007 U.S. Dist. LEXIS 90482, at *4-5 n.1.

As this Court has recognized, even under the more restrictive view some courts adopt for "related to" jurisdiction after confirmation of a plan, that jurisdiction is present where there is a "nexus to the bankruptcy plan or proceeding," and the confirmed plan "provides for the retention of jurisdiction over the dispute." *Kirschner*, 2008 U.S. Dist. LEXIS 32798, at *27. Both of these factors are present here. There is a strong nexus to the Refco bankruptcy because

plaintiffs' claims violate various provisions of the "so ordered" BAWAG Settlement, the Plan, and the Confirmation Order, and constitute claims belonging to the Refco Estates. The Settlement, Plan and Confirmation Order also all provide the required retention of jurisdiction. *See* Mov. Br. at 14, 19. Therefore, this Court unquestionably has "related to" jurisdiction over plaintiffs' claims under *Kirschner*.[10]

## CONCLUSION

For the foregoing reasons, and those set forth in its Moving Brief and Notice of Removal previously filed with this Court, defendant BAWAG respectfully requests that this Court grant its motion to refer Counts XXIV, XXV, and XXVII of the complaint as alleged against BAWAG to the United States Bankruptcy Court for the Southern District of New York.

Dated:  New York, New York                DECHERT LLP
        May 9, 2008

                                          By:   /s/   Nicolle L. Jacoby
                                                Nicolle L. Jacoby
                                                Brian H. Brick
                                                Juliet Sarkessian
                                                30 Rockefeller Plaza
                                                New York, NY 10112
                                                (212) 698-3500
                                                nicolle.jacoby@dechert.com

                                          *Attorneys for Bank für Arbeit und*
                                          *Wirtschaft und Österreichische*
                                          *Postsparkasse Aktiengesellschaft*

---

[10]    Plaintiffs argue alternatively that the Court should "withdraw the reference." Plaintiffs' request is clearly premature. The case should be referred to the Bankruptcy Court to determine whether the matter is core before entertaining a motion to withdraw the reference. *See In re Enron Corp.*, 318 B.R. 273, 275 (S.D.N.Y. 2004); *In re Formica Corp.*, 305 B.R. 147, 149 (S.D.N.Y. 2004). Nor does Plaintiffs' purported right to a jury trial prevent this matter from being referred. *See In re Enron Corp.*, 2004 U.S. Dist. LEXIS 25259, at *5 (S.D.N.Y. Dec. 14, 2004); *In re Magnesium Corp. of Am.*, 2004 U.S. Dist. LEXIS 9389, at *5 (S.D.N.Y. May 24, 2004). BAWAG requests it be allowed to make additional arguments in opposing plaintiffs' request for withdrawal if and when plaintiffs make a motion for such relief.

## CERTIFICATE OF SERVICE

I, Juliet Sarkessian, an attorney duly admitted to this Court, hereby certify that on May 9, 2008, I caused to be served by electronic mail and Federal Express true and correct copies of the Reply Memorandum of Law in Further Support of Defendant BAWAG's Motion to Refer Counts XXIV, XXV, and XXVII of the Complaint as Alleged Against BAWAG to the Bankruptcy Court on the individuals shown below:

> BROWN RUDNICK BERLACK ISRAELS LLP
> Seven Times Square
> Times Square Tower
> New York, New York  10036
> Attn:  Andrew Dash, Esq.
>
>          and
>
> BEUS GILBERT PLLC
> 4800 North Scottsdale Road, Suite 6000
> Scottsdale, Arizona  85251
> Attn:  Leo R. Beus, Esq.
>
> *Attorneys for Plaintiffs*

Dated: New York, New York
May 9, 2008

                              /s/   Juliet Sarkessian
                              Juliet Sarkessian