David Molton (DM 1106)
Andrew Dash (AD 7913)
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

Leo R. Beus *pro hac vice*
Dennis K. Blackhurst *pro hac vice*
**BEUS GILBERT PLLC**
4800 North Scottsdale Road, Suite 6000
Scottsdale, Arizona 85251
Telephone: (480) 429-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re REFCO INC. SECURITIES LITIGATION    :    Case No. 07-md-1902 (GEL)
                                                                 :
-----------------------------------------------------------------X

This Document Relates to:

-----------------------------------------------------------------X
KENNETH M. KRYS and CHRISTOPHER                  :
STRIDE, as JOINT OFFICIAL LIQUIDATORS            :
of SPHINX LTD., SPHINX STRATEGY FUND             :    Case No. 08-cv-3065 (GEL)
LTD.;                                            :    Case No. 08-cv-3086 (GEL)
SPHINX PLUS SPC LTD., SPHINX                     :
DISTRESSED LTD., SPHINX MERGER                   :
ARBITRAGE LTD.; SPHINX SPECIAL                   :
SITUATIONS LTD., SPHINX MACRO LTD.;              :    **PLAINTIFFS' MEMORANDUM**
SPHINX LONG/SHORT EQUITY LTD.;                   :    **OF LAW IN SUPPORT OF**
SPHINX MANAGED FUTURES LTD.; SPHINX              :    **MOTION FOR LEAVE TO**
EQUITY MARKET NEUTRAL LTD.; SPHINX               :    **MAKE SUBSTITUTED**
CONVERTIBLE ARBITRAGE LTD.; SPHINX               :    **SERVICE ON DEFENDANT**
FIXED INCOME ARBITRAGE LTD.; SPHINX              :    **CHRISTOPHER SUGRUE**
DISTRESSED FUND SPC; SPHINX MERGER               :    **PURSUANT TO**
ARBITRAGE FUND SPC; SPHINX SPECIAL               :    <u>**FED. R. CIV. P. 4(f)(3)**</u>
SITUATIONS FUND SPC; SPHINX MACRO                :
FUND SPC; SPHINX LONG/SHORT EQUITY               :
FUND SPC; SPHINX MANAGED FUTURES                 :
FUND SPC; SPHINX EQUITY MARKET                   :
NEUTRAL FUND SPC; SPHINX                         :
CONVERTIBLE ARBITRAGE FUND SPC;                  :

SPHINX FIXED INCOME ARBITRAGE FUND : 
SPC; PLUSFUNDS MANAGED ACCESS FUND : 
SPC LTD.; KENNETH M. KRYS and : 
CHRISTOPHER STRIDE as assignees of claims : 
assigned by MIAMI CHILDREN'S HOSPITAL : 
FOUNDATION, OFI, GREEN & SMITH : 
INVESTMENT MANAGEMENT LLC, THALES : 
FUND MANAGEMENT LLC, KELLNER : 
DILEO & CO., LLC, MARTINGALE ASSET : 
MANAGEMENT LP, LONGACRE FUND : 
MANAGEMENT LLC, ARNHOLD & S. : 
BLEICHROEDER ADVISERS LLC, PICTET & : 
CIE, RGA AMERICA REINSURANCE : 
COMPANY, DEUTSCHE BANK (SUISSE) SA, : 
ARAB MONETARY FUND, HANSARD : 
INTERNATIONAL LTD., CONCORDIA : 
ADVISORS LLC, GABELLI SECURITIES, INC., : 
CITCO GLOBAL CUSTODY; and JAMES : 
P. SINCLAIR as Trustee of the SPHINX TRUST, : 
                                                                                    Plaintiffs, : 
 : 
                                                                                    -against- : 
 : 
CHRISTOPHER SUGRUE; MARK : 
KAVANAGH; BRIAN OWENS; : 
PRICEWATERHOUSECOOPERS L.L.P.; MARI : 
FERRIS; PRICEWATERHOUSECOOPERS : 
CAYMAN ISLANDS; GIBSON, DUNN & : 
CRUTCHER LLP; REFCO ALTERNATIVE : 
INVESTMENTS LLC; GRANT THORNTON : 
LLP; MARK RAMLER; ERNST & YOUNG U.S. : 
LLP; MAYER BROWN LLP f/k/a MAYER : 
BROWN ROWE & MAW LLP; JOSEPH : 
COLLINS; EDWARD S. BEST; PAUL KOURY; : 
PHILLIP R. BENNETT; ROBERT C. TROSTEN; : 
TONE GRANT; SANTO MAGGIO; THOMAS : 
HACKL; DENNIS KLEJNA; BAWAG P.S.K. : 
BANK FUR ARBEIT UND WIRTSCHAFT UND : 
OSTERREICHISCHE POSTPARKASSE : 
AKTIENGESELLSCHAFT; JP MORGAN : 
CHASE & CO.; CREDIT SUISSE SECURITIES : 
(USA) LLC f/k/a CREDIT SUISSE FIRST : 
BOSTON LLC; BANC OF AMERICA : 
SECURITIES LLC; THOMAS H. LEE :

| | |
|---|---|
| PARTNERS, L.P.; THOMAS H. LEE ADVISORS, LLC; THL MANAGERS V, LLC; THL EQUITY ADVISORS V, L.P.; THOMAS H. LEE EQUITY FUND V, L.P.; THOMAS H. LEE PARALLEL FUND V, L.P.; THOMAS H. LEE EQUITY (CAYMAN) FUND V, L.P.; THOMAS H. LEE INVESTORS LIMITED PARTNERSHIP; 1997 THOMAS H. LEE NOMINEE TRUST; THOMAS H. LEE; DAVID V. HARKINS; SCOTT L. JAECKEL; SCOTT A. SCHOEN; WILLIAM T. PIGOTT; LIBERTY CORNER CAPITAL STRATEGIES, LLC; EMF FINANCIAL PRODUCTS LLC; EMF CORE FUND LTD.; DELTA FLYER FUND LLC; ERIC M. FLANAGAN; INGRAM MICRO, INC.; CIM VENTURES, INC.; BECKENHAM TRADING CO., INC.; ANDREW KRIEGER; COAST ASSET MANAGEMENT, LLC, f/k/a COAST ASSET MANAGEMENT LP; CS LAND MANAGEMENT LLC; CHRISTOPHER PETTIT; and REFCO GROUP HOLDINGS, INC.; and REFCO ASSOCIATES, INC., | : : : : : : : : : : : : : : : : : : : : : |
| Defendants | : |

-------------------------------------------------------------------X

Plaintiffs Kenneth M. Krys, *et al*. ("Plaintiffs") move this Court for an Order, pursuant to Federal Rule of Civil Procedure Rule 4(f)(3), permitting service of the summons and complaint in the above-captioned action on defendant Christopher Sugrue by means of international courier service and electronic mail. As will be shown, an attempt at personal service will be unduly burdensome, likely futile and potentially physically dangerous to a process server.

## BACKGROUND FACTS

As alleged in Plaintiffs' Complaint, Christopher Sugrue was a co-founder of PlusFunds and founder of the SPhinX Funds. He served as a director of PlusFunds and was involved in the management of the SPhinX Funds. *See* Complaint ¶ 333. Plaintiffs allege that Mr. Sugrue was complicit, *inter alia*, in the transfer of SPhinX cash from protected, customer-segregated

accounts at Refco LLC to non-segregated offshore accounts at Refco Capital Markets, Ltd., where that cash was lost in the Refco fraud and bankruptcy. Sugrue was also involved in and participated in the concealment of certain undisclosed loans from Refco to himself and other SPhinX and PlusFunds agents to the detriment of SPhinX and PlusFunds, thereby breaching his fiduciary duties to the SPhinX Funds and PlusFunds. *See id.* at ¶¶ 338, 341, 344, 346.

Plaintiffs are informed that Mr. Sugrue has fled the United States for Angola, and is currently residing at Av. Amilar Cabral No 110-2, Ed. Sonangol Distribuidora, Luanda, Angola. *See* Declaration of Jessica C. Calagione ("Calagione Declaration") ¶ 3. Plaintiffs' counsel have also obtained an email address that is believed to be used by Mr. Sugrue. *See id.* at ¶ 10, Ex. E. Based on this information, Plaintiffs propose to serve Mr. Sugrue by international courier service and electronic mail, and believe that such steps are reasonable calculated to apprise Mr. Sugrue with notice of the pendency of this action and afford him an opportunity to respond, thus complying with the requirements of the Federal Rules of Civil Procedure and due process.

## ARGUMENT

**I.     Given That Sugrue Has Fled to Angola,
        Substituted Service Is Entirely Appropriate**

Service of process on an individual in a foreign country is governed by Fed. R. Civ. P. 4. Rule 4 provides three alternative means of effecting service: (i) "by any internationally agreed means of service reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (Rule 4(f)(1)); (ii) if there is no internationally agreed means, by other means reasonable calculated to give notice, such as means provided for by the law of the foreign country, pursuant to letter rogatory, by personal service, or by mail addressed and sent by the clerk requiring a signed receipt (Rule

4(f)(2)); or (iii) by "means not prohibited by international agreement, as the court orders" (Rule 4(f)(3)).

Fed. R. Civ. P. 4(f)(3) should not be viewed as "extraordinary relief" or "a last resort," and a party seeking an order for service pursuant to Rule 4(f)(3) is not required "to attempt every permissible means of service of process before petitioning the court for alternative relief." *Ryan v. Brunswick Corp.*, 2002 WL 1628933, *2 (W.D.N.Y. May 31, 2002)

A party seeking an order for substituted service pursuant to Fed. R. Civ. P. 4(f)(3) is required to show, as a threshold matter, that it has reasonably attempted to effectuate service on the defendant and that the circumstances are such that the District Court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or likely futile. *See Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 2005 WL 1123755, *4 (S.D.N.Y. May 11, 2005); *Ryan*, 2002 WL 1628933 at *2. A party seeking an order for substituted service pursuant to Fed. R. Civ. P. 4(f)(3) must also show that the requested means of service are not prohibited by international agreement. *See* Fed. R. Civ. P. 4(f)(3).

Angola is not party to any agreement, convention, or treaty with the U.S. concerning judicial procedure or service of process. *See* Calagione Declaration ¶ 4 and Exs. A, B. Accordingly, there is no method of service that would be prohibited by international agreement. However, Plaintiffs, after due investigation, believe that personal service in Angola – that is, pursuant to letter rogatory or by private process server – would be virtually impossible to complete successfully, at the minimum very expensive, and, in the case of service by a private process server, dangerous under the current conditions in Angola. *See* Calagione Declaration ¶¶ 4-8 and Ex. C. Given that there is no agreement in place between the U.S. and Angola governing service of process, and given that service by regular channels is both unduly burdensome and

- 3 -

likely futile, Plaintiffs meet the requirements for an order for substituted service pursuant to Rule 4(f)(3).

## II.  Plaintiffs Propose To Serve Sugrue By Means That Comport With Due Process

Alternative service pursuant to Rule 4(f)(3) must comport with due process, which requires that "service of process be reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, *2 (S.D.N.Y. Mar. 12, 2007) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Two methods of service that have been held to comport with due process are service by electronic mail and service by international courier service.[1]

### A.  Service by International Courier Service

Service by international courier service (such as Federal Express or DHL) has been held to comport with due process for the purposes of substituted service pursuant to Fed. R. Civ. P. 4(f)(3).  In *Export-Import Bank*, the Court declared that service by international courier service was valid *nunc pro tunc*. 2005 WL 1123755, at *5.  In *Swarna v. Al-Awadi*, 2007 WL 2815606,

---

[1] Service by publication is another means of service that courts have ordered pursuant to Fed. R. Civ. P. 4(f)(3).  *See*, *e.g.*, *Smith v. Islamic Emirate of Afghanistan*, 2001 WL 1658211, *3 (S.D.N.Y. Dec. 26, 2001) (ordering substituted service on Osama bin Laden by publication for six weeks in various Afghani, Pakistani, and international media outlets); *see also SEC v. Tome,* 833 F.2d 1086, 1093 (2d Cir. 1987) (upholding order for service on defendants located abroad by publication of a notice in the *International Herald Tribune*, because the notice was reasonably likely to come to the attention of the defendants, all of whom were members of the international investment community, and because "there can be no doubt that [defendants] knew of the suit brought by the SEC and the claims against them").  However, service by publication may not satisfy the requirements of due process where, as here, a defendant's address is known.  *See SEC v. Tome*, 833 F.2d at 1094.  In any event, based on discussions with the Press Assistant at the United States Embassy in Angola, no English-language newspapers are regularly distributed in Angola (although some English-language publications are occasionally available at hotels).  *See* Calagione Declaration ¶ 11.  Nonetheless, to the extent that service by multiple, overlapping methods is deemed appropriate to ensure that Plaintiffs' service of process on Mr. Sugrue comports with due process, Plaintiffs are prepared to explore placing an appropriate notice in *Jornal de Angola*, a Portuguese-language publication that we understand is the major Luanda daily newspaper.

*2 (S.D.N.Y. Sept. 7, 2007), the Court ordered service by international courier to defendants' residence (with a record of delivery) and by mail to the same residence.

Plaintiffs have successfully sent courtesy copies of the summons and complaint in this action by Federal Express to Mr. Sugrue's Luanda address.  *See* Calagione Declaration Ex. D.  In light of these prior successful courtesy mailings, the requirements for valid substituted service under Rule 4(f)(3) should be deemed met, as this transmittal will sufficiently apprise Mr. Sugrue of the pendency of the action and afford him an opportunity to respond so as to comply with due process requirements.

### B. Service by Electronic Mail

Service by electronic mail has also been held to be sufficient under Rule 4(f)(3).  The first appellate court to approve service by electronic mail was the Ninth Circuit in *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002).  The Southern District of New York has relied on *Rio Properties* in approving service by electronic mail.  For example, in *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, *3 (S.D.N.Y. Mar. 12, 2007), the Court upheld an order for service by electronic mail based on the fact that the plaintiffs had demonstrated that the defendants conducted business through the internet and corresponded via electronic mail.  Similarly, in *Ryan*, 2002 WL 1628933 at *2, the court upheld service by electronic mail on a defendant located in Taiwan, finding that that electronic mail service was "reasonably calculated to apprize [defendant] of the pendency of this action and afford it an opportunity to respond."

Plaintiffs learned of the existence of Mr. Sugrue's yahoo.com.sg account from Susan Staisil, Mr. Sugrue's former sister-in-law and former general counsel of PlusFunds.  *See* Calagione Declaration ¶ 10 and Ex. E.  In light of Mr. Sugrue's usage of the yahoo.com.sg

account, substituted service by electronic mail to this account should sufficiently apprise Mr. Sugrue of the pendency of the action and afford him an opportunity to respond so as to comply with due process. *See Rio Properties*, 284 F.3d at 1018; *Philip Morris*, 2007 WL 725412 at *2; *Ryan*, 2002 WL 1628933 at *2.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court grant the Plaintiff the relief requested herein.

Dated:  New York, New York
         July 24, 2008

Respectfully submitted,

**BROWN RUDNICK LLP**

By: s/ Andrew Dash
David J. Molton (DM 1106)
Andrew Dash (AD 7913)
Seven Times Square
New York, New York  10036
Telephone: (212) 209-4800
dmolton@brownrudnick.com
adash@brownrudnick.com

and

**BEUS GILBERT PLLC**
Leo R. Beus *pro hac vice*
Dennis K. Blackhurst *pro hac vice*
4800 North Scottsdale Road, Suite 6000
Scottsdale, Arizona  85251
Telephone: (480) 429-3000
lbeus@beusgilbert.com
dblackhurst@beusgilbert.com

*Co-Counsel for Plaintiffs*

# 8188150 v1